THE PEOPLE *ex rel.* Elias Brown

*v.*

JOHN GIBBONS, Judge, *et al.*

*Filed at Springfield May 12, 1896—Rehearing denied June 5, 1896.*

1. MANDAMUS—*to compel judge to decide a motion to dismiss after reversal.* One of the judges of the circuit court of Cook county, before whom a case was originally tried, cannot be compelled, by *mandamus*, to decide a motion for the dismissal of the case after such motion has been denied by another judge of said court on whose docket the cause was reinstated after a reversal.

2. SAME—*when awarded to enforce mandate of court of appeal.* Dismissal by a circuit judge of an action, as against a defendant, which dismissal is directed by the Supreme Court on reversal of a decree against him, will be compelled by *mandamus*, notwithstanding the non-payment of fees and costs which were adjudged against such defendant in the final decree which was reversed.

Original petition for *mandamus.*

WILLIAM B. CUNNINGHAM, (ADOLPH MOSES, of counsel,) for petitioner.

WOOLFOLK & BROWNING, for respondents:

The petition should show a proper demand for the precise thing required, and a refusal.   High on Ex. Legal

Rem. sec. 13; 14 Am. & Eng. Ency. of Law, 167; *People* v. *Hyde Park*, 117 Ill. 462.

It should also appear that the petitioner is entitled to the relief sought.   High on Ex. Legal Rem. sec. 450.

The master and stenographers were not parties to the suit, and their vested rights to fees under the order were not affected by the decision and mandate in that case. Only parties and privies are bound by judgments or decrees.   *Orthwein* v. *Thomas*, 127 Ill. 555; *Morris* v. *Hogle*, 37 id. 150; *Hulse* v. *Buntin*, 47 id. 393; *Borders* v. *Murphy*, 78 id. 80; *Bank* v. *Taylor*, 131 id. 376.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an original proceeding for *mandamus*, to require the Hon. John Gibbons, one of the judges of the circuit court of Cook county, and the Hon. Murray F. Tuley, also one of the judges of said circuit court, or one of them as it may appear should act in the matter, to dismiss a certain bill of complaint in equity as to Elias Brown, as directed by this court in *Brown* v. *Holzman*, 157 Ill. 165.   Judge Gibbons, before whom the motion to dismiss said suit as to Elias Brown was heard on the 19th day of November, 1895, refused to dismiss the suit as to said Elias Brown and to discharge the receiver in said suit, because certain fees and costs in said original suit had not been paid, viz., the sum of $500 master's fees and the further sum of $392.55 stenographer's fees, in pursuance of an order entered in the circuit court of Cook county on the 21st day of February, 1894, in said original suit.   Upon the refusal of Judge Gibbons to dismiss the suit and to discharge the receiver, as moved by petitioner herein, petitioner moved Judge Tuley, before whom the case was originally determined, to grant the motion, but Judge Tuley refused because said motion had been heard and determined by said Judge Gibbons and because he had no jurisdiction over the said cause, it being upon the docket of said Gibbons. ·

The petition represents that a final decree in the cause of *Katie Holzman* v. *Elias Brown et al.* was entered in the circuit court of Cook county on the 7th day of July, 1894, sustaining the charges made in said bill, and finding the issues against Elias Brown; that said decree was reversed by this court May 15, 1895, and the cause remanded, with directions to the trial court to dismiss the bill as to Elias Brown, as more fully appears by the opinion in said cause (157 Ill. 165) ; that on June 12, 1895, the case was re-instated upon the docket of the circuit court of Cook county and upon the docket of the Hon. John Gibbons, who was then chancellor in said court; that Moses Salomon withdrew from the case as solicitor of said Brown and William B. Cunningham entered his appearance as such solicitor, and on November 8, 1895, moved the court to dismiss said suit as to said Brown, to discharge the receiver in said cause and to require the receiver to account for moneys in his hands. This motion, as before stated, was denied by Judge Gibbons. The record shows that on February 21, 1894, the order before mentioned was entered by Judge Gibbons in the original cause, directing the master to file his report and testimony, and that the receiver therein "shall pay such charges as shall be allowed by this court to said master and stenographer, out of any moneys that may come into his hands, as receiver in the above cause, not required for the payment of other necessary expenses concerning the property in his charge, and this order shall continue operative until the charges so allowed shall be fully paid, the question of the allowance of said master's fees and stenographer's charges being reserved to a further hearing as to the amount thereof." In the final decree, entered by Judge Tuley on July 7, 1894, the master's fees were fixed at $500, and it was ordered that the costs of the case, including the expenses of the references to the master, be paid by said Elias Brown and Bernhard Behrend. From this decree said Brown and Behrend prosecuted a writ of error

to this court, and, as before stated, the decree of the circuit court was reversed and the cause "remanded to that court, with directions to dismiss the bill as to the plaintiff in error, Elias Brown, but with leave to the complainant to amend her bill, if she shall so desire, and to proceed otherwise as she may be advised." Judge Gibbons has answered and Judge Tuley demurred to the petition.

We are of the opinion that the demurrer of Judge Tuley must be sustained. The cause was re-instated on the docket of the branch of the circuit court over which Judge Gibbons presided, and on the petitioner's motion to dismiss the bill, on filing the mandate of this court, he, having heard the motion, overruled it. We perceive no reason why Judge Tuley should then have been required to take any action in the matter, as the motion had been heard and denied by the judge presiding and thereafter the petitioner's remedy was against him.

We are also of the opinion that the answer of Judge Gibbons does not show sufficient cause for refusing to dismiss the bill of complaint. The costs were, in the final decree, adjudged against Brown, but when the decree was reversed and the bill ordered to be dismissed there was no longer any judgment against him for costs, and the mandate of this court to dismiss the bill was unconditional. Brown had paid his own costs, and if, by agreement of the parties, the master and stenographer acquired any right to the rents in the hands of the receiver to satisfy their demands for costs made by the complainant, such right cannot be enforced in this proceeding, nor by a denial to Brown of the right to have the mandate of this court complied with. He is entitled to have the bill dismissed and the possession of the real estate in controversy in the original suit restored to him by the receiver. In *Boggs* v. *Willard*, 70 Ill. 315, it was said: "In numerous cases it has been held in this State, that where a case has been tried in this court and remanded, with specific directions to dismiss the bill or to

do some other act, the court below has no power to do anything but to carry out the specific directions." *Chickering* v. *Failes*, 29 Ill. 294; *Winchester* v. *Grosvenor*, 48 id. 515; *Hollowbush* v. *McConnel*, 12 id. 203; *Green* v. *City of Springfield*, 130 id. 515; *Mix* v. *People*, 122 id. 641.

It is fair to the respondent to state that his refusal to dismiss the bill was not because of any disinclination to comply with the mandate of this court, but because he considered it his duty to retain the cause until the relator should comply with said order of February 1, 1894. He states in his answer that if his contention on this point is overruled by this court he will at once dismiss the said bill. As before stated, we are of the opinion that his contention cannot be sustained. The peremptory writ of *mandamus* will accordingly be issued against the respondent John Gibbons, judge of the circuit court of Cook county, requiring him to dismiss said bill of complaint as against said Elias Brown.

*Mandamus awarded.*