## THE UNION NATIONAL BANK OF CHICAGO

*v.*

## EDWARD HINES.

*Opinion filed October 19, 1900.*

1. PRACTICE—*trial court can only obey specific directions given on remanding a cause.* Upon the remandment of a cause by a court of review with specific directions to do some act, the court below has no power to do anything but carry out such specific directions.

2. SAME—*matters settled in former hearing are res judicata in carrying out specific directions.* In determining whether the lower court has carried out the specific directions given by the court of review upon remandment, all questions which were presented and discussed in the former hearing of the case are *res judicata.*

*Union Nat. Bank* v. *Hines,* 88 Ill. App. 245, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

TENNEY, McCONNELL, COFFEEN & HARDING, for appellant.

MORAN, MAYER & MEYER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This case has been before this court before, and is reported as *Union Nat. Bank* v. *Hines*, 177 Ill. 417. A reference to that decision will show what the facts in the case are without repeating them. The decision of this court upon the former hearing of the cause resulted in affirming the judgment of the Appellate Court, which was then brought before us for review. In *Union Nat. Bank* v. *Hines*, *supra*, we said: "We are satisfied there is no error in the judgment of the Appellate Court in reversing the decree below, the allegations of the bill being substantially proven upon the hearing." The superior court had rendered a decree, finding that the guaranty of the present appellee, as set forth in his letter to McElwee & Carney, dated March 22, 1893, was executed for the fraudulent purpose of creating evidence of an apparent defense to the note of $15,000.00, executed by appellee on June 27, 1892, and payable on or before May 1, 1895, to the order of S. B. Barker. This decree of the superior court was reversed by the Appellate Court, and this court affirmed the action of the Appellate Court in so reversing the decree. The affirmance of the judgment of the Appellate Court by this court left nothing further to be done, except to carry into effect the mandate of the Appellate Court.

The judgment of the Appellate Court, which was here for review upon the former appeal, ordered that "the decree of the superior court of Cook county in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed, with directions to the superior court of Cook county to enter a decree in accordance with the prayer of the original bill filed by appellant." When the

case went back to the superior court, it was the duty of that court, under the judgment of the Appellate Court, "to enter a decree in accordance with the prayer of the original bill filed by appellant," the appellant there being the present appellee. In accordance with this direction of the Appellate Court, the superior court entered a decree on April 26, 1899. The present appellant, the Union National Bank of Chicago, prayed an appeal from this latter decree to the Appellate Court, and the Appellate Court has affirmed said decree. The present appeal is prosecuted from this judgment of affirmance.

The only question in the case is, whether the decree of the superior court obeys the mandate of the Appellate Court, embodied in the judgment rendered by the latter court, which was affirmed by this court.

The present appellant, the Union National Bank of Chicago, was the holder of the note for $15,000.00, made by the present appellee to Barker's order on June 27, 1892; and it held, for the purpose of securing the payment of that note, certain shares of the capital stock of the Edward Hines Lumber Company. Under the letter of March 22, 1893, written by appellee to McElwee & Carney, appellee had guaranteed the payment of certain notes executed by S. B. Barker & Co. to the order of McElwee & Carney, dated March 16, 1893, and given for the purchase of lumber. The four of these notes, mentioned and described in the original bill in this cause, amounted in the aggregate to $16,426.06. There was another note for about $5000.00, which was transferred to one Barth, and also embraced within the terms of the guaranty. These notes of March 16, 1893, were taken up by the appellee and surrendered to him by McElwee & Carney. As against the appellant bank, appellee was entitled to set off, against the note for $15,000.00 and interest thereon held by the bank against him, the amount due to appellee upon the notes held by McElwee & Carney which he had guaranteed, and taken up. The decree

of April 26, 1899, found as follows: "It duly appearing to the court that the excess of the amount due was and is the sum of $217.93, it is ordered, adjudged and decreed that, upon the payment or tender of payment by said Hines to said bank of said sum of $217.93, being the sum due upon said $15,000.00 note in said bill of complaint mentioned, at the date of the filing thereof, in excess of the amount due to said Edward Hines upon the notes in said bill of complaint mentioned as paid by him to McElwee & Carney under his guaranty in said bill of complaint mentioned, said bank is directed to deliver to said Hines or his solicitors said certificates of stock," etc. It will be noticed that, by the decree of April 26, 1899, appellee is given credit upon the $15,000.00 note and interest for the full face of the notes guaranteed by him, which were executed by S. B. Barker & Co. to McElwee & Carney. The contention of the appellant bank is, that appellee, Hines, under his guaranty of the Barker notes, did not pay to McElwee & Carney the full amount of said notes, but paid an amount largely less than the amount of principal and interest due by the terms of the notes. The appellant charges, that the appellee, instead of paying $16,426.06 and interest upon the Barker notes, only paid $1000.00 therefor, and that, therefore, the decree in favor of the bank against him for the amount of the $15,000.00 note and interest should only be credited with $1000.00. The decree finds, that the excess of the amount due upon said $15,000.00 note over the amount due to appellant upon the Barker notes, at the date of the filing of the bill, is the sum of $217.93, whereas under the theory of appellant the amount of this excess would be largely above $217.93.

Upon a careful examination of the record we find that this question in regard to the amount, which appellee paid upon the Barker notes, was in the record, and before the superior court, and the Appellate Court, and this court, when the cause was heard the first time.

The prayer of the original bill is as follows: "That upon the payment by your orator to said bank or to said Barker, whichever may be entitled thereto, of such sum as may be due upon said $15,000.00 note in excess of the amount due to your orator upon the notes so as aforesaid paid by him to said McElwee & Carney under your orator's said guaranty, payment of which excess and of any other sum or sums of money whatever which this court may decree is due or owing from your orator to said bank and said Barker or either of them in the premises, your orator now here offers to make and tenders, the said certificates of stock shall be delivered to your orator to be and become and remain his sole and exclusive property to be delivered by said bank to your orator." The notes, referred to in the prayer of the bill by the use of the words, "the notes so as aforesaid paid by him," are the notes amounting to $16,426.06 above referred to. The bill alleges "that upon the maturity of said notes complainant (appellee) was obliged to and did under his said guaranty take up said notes and make payment to said McElwee & Carney; * * * that McElwee & Carney thereupon endorsed said notes 'without recourse,' and delivered same to complainant; that, since the payment of the notes, Hines has been and is now the owner and holder thereof." The bill, as it thus appears, alleges that appellee took up and paid these notes. This court found, upon the former decision of the case, that the allegations of the bill were substantially proven upon the hearing. As the superior court was ordered by the Appellate Court to enter a decree in accordance with the prayer of the original bill filed by appellant, it could not do otherwise than enter the decree, which it did enter on April 26, 1899. We are, therefore, of the opinion that the decree follows the mandate of the Appellate Court, issued in accordance with the judgment of that court, which was affirmed by this court.

Where a case has been tried in this court, or the Appellate Court, and remanded with specific directions to do some act, the court below has no power to do anything but to carry out the specific directions. (*People* v. *Gibbons*, 161 Ill. 510; *Boggs* v. *Willard*, 70 id. 315). The contention, that appellee did not pay to McElwee & Carney more than $1000.00 for the Barker notes, was made upon the former hearing, and fully argued and discussed both in the original briefs and in the petition for rehearing. Upon this question appellant has had its day in court. If the defense it made was unsuccessful, it was its misfortune; but the fact, that it made a bad and insufficient defense, does not give it the right to have the cause remanded for the purpose of affording it an opportunity to hunt up a better defense. Sound public policy demands that there shall be an end to litigation. (*Street* v. *Chicago Wharfing and Storage Co.* 157 Ill. 605).

It is also claimed, that there was a partial failure of consideration of the notes executed by S. B. Barker & Co. to McElwee & Carney, amounting to about $1700.00, and that this sum of $1700.00 or thereabouts should have been deducted from the amount of the credit, allowed to the appellee upon the $15,000.00 note, or the decree therefor. The same answer to this contention may be made, as has already been made in regard to the payment of $1000.00 only for the Barker notes. The briefs, filed upon the former hearing, show that this point in regard to a partial failure of consideration was then made. Such failure of consideration was not set up in the pleadings; and defendant cannot avail himself of a matter of defense which is not stated in his answer. (*Johnson* v. *Johnson*, 114 Ill. 611). It is conclusively shown, however, by the evidence appearing in the record that, even if allowance was made for this partial failure of consideration, appellee would have been entitled to the full amount of the credit which was given him by the terms of the decree.

Both the contentions now made by the appellant, as they are above stated, were presented upon the former hearing of the cause, and the disposition already made of them is final and amounts to *res judicata.*

The judgment of the Appellate Court, affirming the decree of the superior court rendered on April 26, 1899, is affirmed.

*Judgment affirmed.*