William H. Noyes, Appellee, v. Alma Clarke et al.,
Appellants.

Gen. No. 14,033.

Appeals and errors—*what orders not subject to review.* An
order which is entered by the Circuit or Superior Court in strict
conformity to the mandate of the Supreme Court rendered in a
cause, is not subject to review and an appeal therefrom will be
dismissed.

Foreclosure. Appeal from the Superior Court of Cook county;
the Hon. George A. Dupuy, Judge, presiding. Heard in the Branch
Appellate Court at the October term, 1907. Appeal dismissed.
Opinion filed June 2, 1908. Rehearing denied June 16, 1908.

Albert Wesley Gottschalk, for appellants.

Ellis & Lewis, for appellee.

Mr. Justice Smith delivered the opinion of the court.
On April 6, 1905, a decree of foreclosure and sale
was entered in the Superior Court, from which appel-
lants prosecuted an appeal to this court, where the de-
cree was affirmed. From this court an appeal was
prosecuted to the Supreme Court, where the decree
was affirmed in all respects, except in the matter of the
fees and charges of the master in chancery in allowing
$85 for services for which there is no statutory fee.
This allowance in the decree was for examining the
testimony and preparing the finding as to a single
question of fact. As to that allowance the decree was
reversed, and the cause was remanded to the Superior
Court, with directions to allow a fee of $25 for said
services. Gottschalk v. Noyes, Admr., 225 Ill. 94.
After the cause was remanded, notice was given to
appellants on April 11, 1907, that appellee would, on
April 22, 1907, move to reinstate said cause in the Su-
perior Court and modify the decree theretofore entered
therein to conform to the mandate of the Supreme

Court. On April 22, 1907, an order was entered in the Superior Court in the cause, appellants appearing pursuant to such notice, redocketing the cause and modifying the decree to make it conform to the mandate of the Supreme Court. A typographical error was made in the order of April 22, 1907, by which the decree so modified was referred to as having been entered on April 5, 1905, whereas in fact it had been entered April 6, 1905. This error was, on motion of solicitors for appellee, corrected on June 10, 1907.

On May 3, 1907, appellants moved the court to re-tax the costs, and the court denied the motion and taxed costs due the complainant at $42.45, affirming the bill of costs certified by the clerk. On May 4, 1907, the court granted a joint and several appeal to the defendants from the order entered April 22, 1907, and from the order entered May 3, 1907, giving the defendants thirty days in which to file an appeal bond in $1,000 and a certificate of evidence. The bond was filed May 31, 1907. On June 10, 1907, an order was entered reciting that it appearing to the court that through inadvertence on May 4, 1907, an appeal was allowed from that portion of the order of April 22, 1907, purporting to amend the original decree to conform to the mandate of the Supreme Court, and that portion of the order granting the appeal was vacated.

This appeal, as stated by appellants in their briefs, is from the orders "entered on April 22, 1907, and on May 3, 1907."

In our opinion, the order entered on April 22, 1907, is not an appealable order. It was entered in strict conformity with the mandate of the Supreme Court. "Where a case has been tried in this court or the Appellate Court, and remanded with specific directions to do some act, the court below has no power to do anything but to carry out the specific directions." Union Nat. Bank v. Hines, 187 Ill. 109, 114. The order of April 22, 1907, was *res adjudicata* in the Supreme Court in this case, and it is not in our power to review

it. Being in conformity with the mandate of the Supreme Court, there is nothing in the order subject to review here.

As to the order of May 3, 1907, which was virtually a denial of a motion to retax costs which were made and taxed in the cause before the appeal to the Supreme Court, the action of the court was in conformity with the rule above stated, and the motion presented matter settled and adjudicated by the Supreme Court in this cause, and hence the Superior Court was without power to adjudicate upon it. No appeal can be prosecuted from such an order, for it involves a matter already adjudicated upon in this case by the Supreme Court.

This appeal is therefore dismissed.

*Appeal dismissed.*