## Maria G. Baum, Appellee, v. Bernhard Hartmann et al., Appellants.

APPEALS AND ERRORS—*duty of nisi prius court upon remandment.* When a case has been tried in the Supreme or Appellate Court and remanded with specific directions to do some act, the court below has no power to do anything but to carry out the specific directions.

Bill in chancery. Appeal from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

L. D. TURNER and CHARLES A. KARCH, for appellants.

WINKELMANN, DILL & MILLER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On August 3, 1894, Simon Baum was appointed by the County Court of St. Clair county guardian of his two children, Maria C. Baum, appellee, and Charles W. Baum, and gave bond as such guardian with Bernhard Hartmann and Jacob Spies as sureties. The sum of $3,400 belonging to his wards came into the hands of the guardian, with which on June 26, 1895, he purchased certain real estate in said county and at the same time executed and delivered to Hartmann and Spies a mortgage on the same to indemnify them as sureties on his said guardian's bond. Maria C. Baum,

appellee, became of age June 1, 1899, and seven days later her guardian presented his report to the Probate Court, showing that he was indebted to her in the sum of $1,700. On June 10, 1899, she executed and delivered to her father and guardian, a receipt in full for the amount due her. The receipt was then presented, in her presence, to the Probate Court and the effect thereof fully explained to her by the judge of that court, who told her that her father was insolvent and if she released him she would have no other recourse for her money, but would, in effect, make him a present of it. She insisted however on her receipt, giving reasons therefor which seemed to be satisfactory to her, and the probate judge thereupon approved the settlement and discharged the guardian as to appellee. On January 19, 1902, Simon Baum died intestate and insolvent and in August of the following year appellee filed a bill in the Circuit Court of St. Clair county to set aside the receipt given by her to her guardian and the order of the Probate Court discharging him, and to recover the $1,700 shown to be due her in her guardian's report, with interest. A decree was entered in her favor which on appeal to the Appellate Court, was reversed for want of proper parties.

The cause was then reinstated in the Circuit Court and Elizabeth Spies, administratrix of the estate of Jacob Spies, deceased, was made defendant with Hartmann and a decree was afterwards entered against appellee dismissing her bill, which was subsequently, at the February term, 1905, of this court, affirmed. Baum v. Hartmann, 122 Ill. App. 444.

The case was taken by a writ of error from the Appellate Court to the Supreme Court, which on February 21, 1907, filed an opinion reversing the judgment of the Appellate Court, and the decree of the Circuit Court, and remanding the cause to the Circuit Court "with directions to enter a decree in favor of plaintiff in error for the amount which may be found upon an accounting to be due, disregarding the alleged receipt

and order of discharge." Baum v. Hartmann, 226 Ill. 160. At the April term, 1907, the cause was redocketed in the Circuit Court.

Appellants answered setting up substantially the same defense made by them in the first instance and in addition thereto, alleged that Simon Baum, the guardian, in his lifetime conveyed the real estate purchased with his ward's funds, to his wife and that she on February 20, 1903, conveyed the premises to Frank C. Bux, as trustee for appellee, and that afterwards Bux conveyed the property to appellee, and that appellee accepted the deed to said real estate in full satisfaction and settlement of the amount due her, and has since said time been receiving and collecting the rents from same. The answer also referred to the fact that appellants filed their bill to foreclose their mortgage above referred to on said real estate and that appellee had filed a bill of interpleader claiming she was the owner of the undivided one-half of said real estate. On motion of appellee, the answers were stricken from the files and subsequently second amended answers were filed, alleging the same facts and further setting up certain things claimed to have taken place since the reversal of the former decree in this case by the Supreme Court, which it is alleged appellants did not learn, until appellee's deed to said premises was placed on record, on December 18, 1905. On motion of appellee the second amended answers were also stricken from the files. The case then proceeded to trial and the court heard evidence introduced on behalf of the respective parties as to the amount then due appellee, if anything, upon said guardian's account. The finding of the court was adverse to appellants and a decree was entered against them in favor of appellee, for the sum of $2,422.50, being the amount of the original indebtedness as shown by the report of the guardian and interest to the date of the decree.

Appellants contend that the Circuit Court erred in sustaining the motions of appellee to strike the

amended and second amended answers from the files, in setting aside the final settlement of the guardian, made at the request of appellee, and in rendering a decree against appellants as sureties on the guardian's bond.

Some question is raised by appellee whether exceptions to the rulings of the court on the motions to strike the amended and second amended answers from the files have been properly preserved, but waiving that question we are of opinion the Circuit Court committed no error in its rulings on those motions. The opinion and judgment of the Supreme Court fully disposed of and set aside the receipt signed by appellee and the order of discharge entered by the Probate Court and established the liability of appellants on the guardian's bond. The only question left to be determined was the exact amount of the indebtedness, which the Circuit Court was directed to ascertain by an accounting.

When a case has been tried in the Supreme or Appellate Court and remanded with specific directions to do some act, the court below has no power to do anything but to carry out the specific directions. Union Nat. Bank v. Hines, 187 Ill. 109; People v. Gibbons, 161 *id.* 510; Boggs v. Willard, 70 *id.* 315.

The greater portion of the amended answers and second amended answers referred to questions raised at the former trial and the disposition made of them by the Supreme Court was final and amounted to *res judicata*. Union Nat. Bank v. Hines, *supra*.

The new matter set up in the amended and second amended answers was not necessary, as so much of the matters therein stated as was competent could be shown under the order of the Supreme Court to state the account between the parties, and appellants were in fact permitted to introduce evidence thereof by the court below in determining the state of the account. The claim that the court below erred in setting aside the final settlement of the guardian of appellee, cannot be sustained, that question having been distinctly settled

by the Supreme Court. The Circuit Court did not err in rendering a decree against appellants in favor of appellee as sureties on her guardian's bond for $2,422.50, as the evidence introduced on this trial clearly warranted the same.

The decree of the court below is accordingly affirmed.

*Affirmed.*