## Maria C. Baum et al., Appellees, v. Bernhard Hartmann et al., Appellants.

BILLS OF REVIEW—*when newly discovered evidence will not sustain.* Alleged newly discovered evidence cumulative in character and not of an important and decisive character will not support a bill for review predicated upon newly discovered evidence.

Bill of review. Appeal from the Circuit Court of St. Clair county; the Hon. C. T. MOORE, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

C. A. KARCH and L. D. TURNER, for appellants.

WINKELMAN, DILL and MILLER, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This appeal brings before us the record of a proceeding wherein a demurrer was sustained to appellants' amended bill, and appellants electing to stand by the bill, a decree was entered dismissing it and for costs against appellants.

The bill is of great length and seeks to review several decrees entered in the same controversy by the Circuit, Appellate and Supreme Courts. It is impracticable to set it forth in detail within the reasonable limits of an opinion, and a brief synopsis of it is

only necessary to an undertanding and determination of the questions involved.

It appears from the bill that one Simon Baum was on August 3, 1894, by the County Court of St. Clair county, appointed guardian of his two minor children, Maria C. Baum, appellee, and her brother, Charles W. Baum. He executed a bond as such guardian with appellant, Bernhard Hartmann, and one Jacob Spies as sureties. As guardian there came into the hands of Baum the sum of $3,400, the money of his wards, with which on June 26, 1895, he purchased a piece of real estate in said county from one George Gruenwald and on the same day he executed and delivered to appellants Hartmann and Spies a mortgage on the same real estate to indemnify them as sureties on said bond as guardian. Appellee, Maria C. Baum, became of age on June 1, 1899, and on June 10, following, she executed to her guardian, Simon Baum, a receipt in full for the amount due her from him as guardian, and went before a judge of the Probate Court and requested the discharge of her guardian, giving as a reason that the money was invested in a home occupied by her father and she wanted him to have the property and did not want him disturbed by the sureties on his bond which would result if she demanded the payment of the cash due her. She was advised by the probate judge of her rights but she insisted upon the discharge of her guardian and an order was entered discharging the guardian from further liability on the bond.

On June 3, 1901, Simon Baum and Johanna Baum conveyed the real estate to Johanna who was the stepmother of appellee, Maria C. Baum.

On January 19, 1902, Simon Baum died intestate and insolvent and after his death appellee Maria insisting the real estate should be secured to her, Johanna Baum who held the title, conveyed the same on February 20, 1903, to one Frank C. Bux, trustee, and although not so expressed, he was to hold as trustee

for appellee Maria and her brother Charles W. When Charles came of age, appellee insisted the two should accept the real estate as payment of the amount due them, from the guardian. Charles refused and he was paid the amount due him by appellants.

On February 20, 1903, Bux, trustee, and wife executed a deed which conveyed the real estate to appellee, Maria Baum, by a quit-claim deed and December 18, 1905, they acknowleged it and filed it in the office of the recorder where it remains.

At the September term, 1903, of the St. Clair County Circuit Court, appellee, Maria Baum, filed her bill against appellant Hartmann in which she alleged that he and Jacob Spies, since deceased, had become sureties on the guardian bond, that when she became of age she settled with the guardian and he was discharged by the Probate Court and prayed to have the order of discharge set aside and her receipt annulled on the ground no money was paid to her. At the September term, 1903, the cause was heard and a decree rendered in her favor against appellant Hartmann setting aside the discharge and annulling the settlement finding the amount due from the guardian and directing payment. From this decree there was an appeal to this court where the decree was reversed and remanded for want of proper parties. The bill was amended by making the personal representatives of the estate of Jacob Spies party defendant when the cause was again heard and on December 7, 1904, a decree was rendered finding the equities for appellants and against appellee, Maria Baum. From this decree Maria sued out a writ of error to this court to the February term, 1905, where the decree was affirmed. Baum v. Hartmann et al., 122 Ill. App. 444.

To reverse the order of the Appellate Court, appellee Maria sued out a writ of error to the Supreme Court where the order of affirmance of the Appellate Court and the decree of the Circuit Court were reversed and the cause remanded to the Circuit Court with direc-

tions to enter a decree in favor of appellee Maria ''for the amount which may be found upon an account to be due, disregarding the alleged order of discharge of the guardian and receipt.'' Baum v. Hartmann, 226 Ill. 160.

It further appears from the bill that cause was redocketed in the Circuit Court and was heard at the September term, 1907. Appellants then filed separate amended answers which were stricken from the files. Appellants then filed a second amended answer alleging that since the decree which was reversed in the Supreme Court, Simon Baum on June 3, 1901, had conveyed the real estate to his wife, Johanna, by the consent and knowledge of Maria thereby ratifying the settlement made with her guardian; that she permitted her father Simon to receive the rents; that on February 20, 1903, Johanna conveyed the real estate to Bux as trustee for her; that she knew the conveyance was made for her benefit; that she received the rents; that Bux conveyed the property to her; that in a suit to foreclose the mortgage which had been given by her guardian to appellants to indemnify them as sureties on his bond and which they were foreclosing for the amount which they had paid Charles W. Baum, she filed an interpleader claiming to be the owner of one-half the real estate and that her interest was not subject to the mortgage; that such second amended answer was on her motion stricken from the files and the court upon taking an account found the amount due her as per direction of the Supreme Court to be $2,422.50. From this finding and order the cause was appealed to this court where the order of the Circuit Court was affirmed (Baum v. Hartmann et al., 143 Ill. App. 346) and on appeal to the Supreme Court, the decree of this court was affirmed. Baum v. Hartmann et al., 238 Ill. 519. The bill has incorporated in it as part of it, the opinions of this court and the Supreme Court last above cited and the order of the

Supreme Court reported in 226 Ill. 160, hereinbefore noted.

As we understand the bill it prays to review the order of the Supreme Court contained in Baum v. Hartmann, 226 Ill. 160, and also the decree of the Circuit Court entered in conformity with, and as directed in said order and also the said decrees of this court and the Supreme Court affirming such order of the Circuit Court upon two grounds, namely: First, that said holding and order of the Supreme Court is erroneous, and ought to be reviewed, overruled and set aside for apparent errors and imperfections, and, second, on the ground of newly discovered evidence.

The first ground is not urged in appellants' brief and will not be considered.

The alleged newly discovered evidence upon which it is sought to have said decrees and orders reviewed and which is also alleged in the bill is, that evidence can be introduced on behalf of appellants that after her father's death and when she was not under his influence and after the decree which was reversed with directions to the Circuit Court to enter the decree in favor of appellee "for the amount which may be found upon an account to be due disregarding the alleged order of discharge of the guardian and receipt" in a family consultation appellee said she was willing to carry out her original intention to take the real estate rather than pursue her remedy on the bond, and also when the mortgage of appellants which Simon Baum had given the sureties to indemnify them as sureties on his bond was being foreclosed she interpleaded and claimed one-half interest in the property which was denied her because she had elected to sue on the bond and she could not change her remedy. And it is insisted this proposed evidence if true would produce a different result on the merits since the Supreme Court in its opinion stated that there was

no evidence in that case tending to prove the absence of any influence exerted by the father over her, and the proof should show that she reached the determination to request his discharge without being influenced by her guardian. And that therefore the proposed evidence would produce a different result on the merits.

"A party may file a bill of review for newly discovered evidence * * *. The evidence must not be cumulative, and must be of an important and decisive character if not conclusive, and 'must usually consist of documentary evidence." Griggs et al. v. Gear, 3 Gilman 2; Aholtz v. Durfee, 122 Ill. 292.

"The newly discovered evidence upon which the court is asked to review and reverse the former decree, must not be cumulative and must be of an important and decisive character if not conclusive. It must be such as would apparently have produced a different result had it been known and brought before the court." Elzas v. Elzas, 183 *id.* 134; Lewis v. Topsico, 201 *id.* 329; Willems v. Willems, 72 Ill. App. 201.

"It is well established that new evidence will not avail on a bill of review where the evidence relied upon simply tends to the establishing of the issues originally presented and disposed of; in other words, where it is merely a matter of reducing or increasing by cumulation the evidence heard upon the issues." Adamski v. Wieczorek, 93 Ill. App. 363.

In view of the well-settled principles above cited, we are of opinion appellants did not bring themselves within the rule entitling them to relief.

It appears to us from the matters alleged including the opinions of the Supreme and Appellate Courts, which are made part of the bill, that the proposed evidence would be, if of any weight at all, merely cumulative upon the question litigated there whether appellee Maria was or was not, under the influence

of her father at the time he was discharged as guardian.

Nor do we regard the proposed evidence of an important and decisive character upon that question. We have carefully considered all the proposed evidence contained in the bill and while we cannot certainly know what result it would produce upon another court, in our opinion it would not be decisive in character or produce any different result.

We are of the opinion there was no equity in the bill and the court committed no error in sustaining the demurrer and in dismissing it.

The decree is accordingly affirmed.

*Affirmed.*