ALGIE P. GULICK et al. Defendants in Error, vs. CHARLES FENTON HAMILTON, Plaintiff in Error.

*Opinion filed April 21, 1920—Rehearing denied June 3, 1920.*

1. EASEMENTS—*alley existing by virtue of reservations in deeds to appurtenant owners is a private alley.* An alley which exists by virtue of reservations in deeds to the owners of land to which it is appurtenant is a private alley, to be kept open and unobstructed for the use and enjoyment of the occupants of said land.

2. SAME—*private alley does not give right to light and air as a matter of law.* Where an alley is public the abutting owners have a right to light, air and ventilation, but where the alley is private the character and uses of the alley are fixed and regulated by the parties interested and the right to light and air does not follow as a matter of law.

3. CONTEMPT—*when defendant should not be punished for contempt.* Where the Supreme Court, on appeal in a proceeding to compel the defendant to remove an obstruction in an alley, finds that the alley is private and should be restored to its prior status as a private alley, but, without observing that the prayer of the bill is for restoration as a public alley, remands the cause with directions to grant the relief prayed in the bill, the defendant should not be punished for contempt in not restoring the alley as a public alley, even though the decree requiring him to do so is in accordance with the remanding order, which is broader than the decision upon which such order is based.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

GREEN & PALMER, and WALTER B. RILEY, (HENRY I. GREEN, and ORIS BARTH, of counsel,) for plaintiff in error.

DOBBINS & DOBBINS, and FRANK B. LEONARD, JR., for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendants in error, Algie P. Gulick and Seeley C. Gulick, filed their bill in the circuit court of Champaign county to enjoin the plaintiff in error, Charles Fenton Ham-

ilton, from obstructing an alleged alley on the west ten feet of lot 12, in block 7, in Farnham, Clark & White's addition to Urbana, which afforded access to the rear of a building occupied for business purposes owned by the defendants in error and which furnished a means for hauling goods, merchandise and material to the rear of that building, and to compel plaintiff in error to remove obstructions placed thereon by him. The existence of the alley was disputed by the answer, and the issue was referred to the master in chancery to take the evidence and report the same with his conclusions of fact and law. It was alleged in the bill that the alley existed by virtue of reservations in deeds, and also that it had been used by the defendants in error and the public generally under an adverse claim of right for more than fifty years. The master took the evidence and reported the same with his conclusions that the deeds under which the defendants in error claimed the alley did not create any easement in their favor and that there was no alley of any sort as alleged in the bill, and he recommended that a decree should be entered dismissing the bill for want of equity. Upon a hearing of exceptions to the report they were overruled and the bill dismissed, and from the decree the defendants in error prosecuted an appeal to this court. On that appeal this court differed with the chancellor to the extent of holding that by virtue of conveyances made by Jacob P. Gauch, the original owner of lots 11 and 12, an easement appurtenant to and running with the land was secured to the several grantees and gave them a ten-foot way for the common uses of an alley by the grantees across the west end of the lots in connection with their property. The decree was reversed and the cause remanded, with directions to grant the relief prayed for in the bill. (*Gulick* v. *Hamilton*, 287 Ill. 367.) The cause was re-instated in the circuit court, and a decree was entered ordering a mandatory injunction against the plaintiff

in error forthwith to remove from the west ten feet of
lot 12 all obstructions placed thereon by him, to place the
same in as good condition as the same was for public and
private travel and passageway prior to the excavation made
therein by him, and to desist from thereafter obstructing in
any way the west ten feet of lot 12 and from in any way
interfering with the passage of defendants in error and their
employees, tenants and grantees over the same and from
interfering with the use of said strip of ground as a pub-
lic and private alley, which substantially followed the lan-
guage of the prayer of the bill.

The plaintiff in error had erected a three-story brick
building upon and over the alleyway, and a controversy
arose between the parties as to the extent to which the de-
cree required a removal of that building. The defendants
in error contended that the plaintiff in error was required
to remove all obstructions by destroying the entire west
ten feet of the building, and the plaintiff in error contended
that it would be a compliance with the decree to restore
the alley to the condition in which it had existed for about
ten years when occupied by the Walker Opera House Com-
pany with its building extending over the alley, supported
by iron columns but not interfering with the use of the
alley by defendants in error. Affidavits were filed as to the
financial ability of the plaintiff in error to comply with the
decree if it required the removal of the entire west end of
his building. The court decided that the entire west end
of the building should be removed, and the plaintiff in error
failing to remove the same there was a proceeding against
him for contempt of court and he was fined $250 and costs.
A writ of error was sued out of this court, which was made
a *supersedeas,* and errors are assigned on the entry of the
decree on the ground that it was not in accordance with the
decision of this court as to the rights of the parties, and
also on the judgment finding the plaintiff in error guilty
of contempt and imposing a fine.

The decree entered was in conformity with the mandate of this court, and it was not error for the court to enter the decree. *Union Nat. Bank* v. *Hines,* 187 Ill. 109; *Spring Lake Drainage District* v. *Stead,* 263 id. 247; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Gage,* 286 id. 213.

The prayer of the original bill, however, and the decree entered, were not in accord with the decision of this court concerning the rights of the parties. It was not decided there was a public alley on the strip of ground, but only that there was a private easement for the uses of an alley appurtenant to the several parts of lots 11 and 12 which passed with the dominant estate as an incident thereto under the deeds from Gauch. In the record before the court there was no evidence tending in any degree to prove that there had ever been any dedication to the public or an acceptance by the public of the strip of land for a public alley, which was essential to give it that character. The plaintiff in error was the manager of the Walker Opera House Company, which occupied the premises now owned by him, and that company built an addition to its opera house over the alley, supported by iron columns and concrete footings, which remained there until 1914, when the plaintiff in error tore down the building in preparation for the erection of a new building. There was testimony that the construction was in 1904 or 1905, but the date is fixed as 1904 by a declaration filed in the circuit court against the opera house company. Frank T. Walker owned lot 10 on the east side of the alleged alley and brought his suit in August, 1904, against the opera house company, alleging the existence of the alley and the obstruction of the same by the erection over the alleged alley. If it was a public alley he was entitled to maintain the suit and recover damages. A demurrer to his declaration was sustained and judgment was rendered against him. There was also a suit in the circuit court against the city of Champaign, of which the premises

had become a part, for a writ of *mandamus* to compel the city to cause the removal of the projection over the alley. The petition was dismissed by the court upon a demurrer to a plea, and, so far as any right to a public alley was concerned, the question was settled in those suits. In deciding the case on the appeal of the defendants in error this court did not go into the details of those proceedings, which was unnecessary, but defined and limited the rights of the parties and the nature of the easement. The decision was that there was a private way for the use of the defendants in error, for whose benefit, with other owners of property, it had been reserved, and that it was not for or to be used by the public.

The alley as declared by this court was a private alley, to be kept open and unobstructed for the use and enjoyment of the occupants of the land to which it was appurtenant. (*Dexter* v. *Tree,* 117 Ill. 532; *City of Chicago* v. *Borden,* 190 id. 430.) None of the abutting owners had respected the alley as an unobstructed one ten feet in width. It was proved before the master, and reported by him, that the defendants in error had themselves encroached upon the strip with areaways built out eighteen inches, and between the areaways an unloading chute or cellar entrance which projected into the strip approximately three feet and six inches, leaving six feet and six inches for the uses of an alley, and a permanent building occupied by Leseure at the north end obstructed the strip two feet to the entire height of the building and for a width of twenty-two feet. The bill alleged the construction by the Walker Opera House Company over the alleyway, supported by iron columns and maintained until the year 1914, and stated that it did not interfere with free and unobstructed passage along the alleyway, and that any person having occasion therefor passed back and forth without hindrance until June 1, 1915, when the plaintiff in error began an excavation in the alley for the erection of his new building. Seeley C. Gulick, one of

the defendants in error, testified that when the plaintiff in error contemplated erecting his building he showed the witness an elevation with an archway which was ample room for a team to drive through, and when he started to build the present building he came to see the witness and asked if it would be all right if he should build over the alley the same as it was before and leave it open below, and the witness said that he would much rather leave the alley open all the way up but would be satisfied and not cause him any trouble if he left it open that way, but afterward the plaintiff in error said he was not going to leave it open. Algie P. Gulick, the other defendant in error, did not engage in this conversation and is not shown to have known anything about it, but it can fairly be taken to represent the attitude of the defendants in error at the time. At any rate, the defendants in error had acquiesced in the projection over the alley for about ten years, and in their bill alleged that it did not interfere with the free and unobstructed use of the alley for access to their premises. It is now insisted that the defendants in error have a right not only to unobstructed passage but to light and air. If an alley is public, abutting owners have a right to light, air and ventilation, (*Field* v. *Barling*, 149 Ill. 556,) but if the alley is not public that is not true as a rule of law, (*Dexter* v. *Tree, supra*,) and the character and uses of a private alley can be fixed and regulated by the parties interested. This alley not being a public one, the right to light and air does not follow as a matter of law. A reservation of light and air for the use of buildings will not be implied but must ordinarily be expressed, although there must be no interference in that or any other particular with the proper use of a right of way within the terms of the grant. *Barber* v. *Allen*, 212 Ill. 125.

The situation here is the same as though a chancellor, after having made findings and declaring the rights of the parties, should enter a decree broader than the findings and

not warranted thereby and proceed to enforce the decree by a proceeding for contempt. The fact that the remanding order was entered without observing that the prayer of the bill was more comprehensive than the facts and law would warrant and that the decree was entered may be disconcerting, but the question presented to the chancellor on the supplemental proceeding was whether the plaintiff in error merited punishment for failing to comply with the decree. This court had jurisdiction to direct by its mandate the entry of the decree, and when the plaintiff in error was charged with the failure to obey it he could not say that it was erroneous, since judgments of courts cannot be attacked collaterally where there is jurisdiction. (*O'Brien* v. *People,* 216 Ill. 354.) One accused of a failure to comply with an order of a court when charged with contempt may show that without his fault he was unable to comply with the order, and this the plaintiff in error attempted to do, but it is certainly an equally good excuse that the order went beyond the findings upon which, alone, it was based. If a chancellor, after deciding the rights of the parties in respect to an alley and fixing its character as a private one, should enter a decree providing that it should be kept open as a public alley where there was no semblance of a right to an alley of that character, and the decree had gone beyond his control by expiration of the term or otherwise, he ought not to punish as for a contempt a failure to comply with the decree, which would be clearly unjust. On such a proceeding it would be proper to look into the findings of the decree and ascertain therefrom what relief would follow according to the rules of equity. The alleyway having been determined to be a private easement, obstructed at one end by a permanent building to the extent of two feet, leaving only eight feet for an alley for the use and benefit of plaintiff in error, and the defendants in error having encroached upon the alley and acquiesced in the erection and maintenance by the opera house company of an extension

over the alley which did not interfere with its practical use, the plaintiff in error ought not to be punished as for a contempt if he should restore the alley to the condition in which it was before he tore down the opera house to construct his building, as he offered to do in response to the rule to show cause why he should not be punished for contempt.

The judgment against the plaintiff in error for contempt is reversed.                              *Judgment reversed.*