MARIA C. BAUM, Appellee, *vs.* BERNHARDT HARTMANN
*et al.* Appellants.

*Opinion filed February 19, 1909.*

RES JUDICATA—*when the question of guardian's liability is res judicata.* Where the Supreme Court, on appeal from a decree in a proceeding for accounting, determines the liability of a guardian to his ward and finds that the alleged settlement between them was invalid, such questions are *res judicata* and cannot be re-litigated in the lower court upon the ground that the Supreme Court, in the decision of the case, applied an erroneous rule of law.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding.

L. D. TURNER, and L. O. WHITNELL, for appellants.

WINKELMANN, DILL & MILLER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case was before this court at a former term, and the opinion then delivered will be found in volume 226 of our Reports, at page 160, to which we refer for a statement of the history and facts of the litigation. By reference to the opinion then rendered it will be seen that the judgment of the Appellate Court and the decree of the circuit court were reversed and the cause remanded to the circuit court, with directions to that court to enter a decree in favor of the plaintiff in error (who is appellee here) for the amount that might be found due her upon an accounting, and the circuit court was further directed, in taking the account, to disregard the receipt of plaintiff in error in that case, (appellee here,) given her guardian, and also to disregard the order of the probate court discharging said guardian. Upon the re-instatement of the case in the circuit

court defendants in error (appellants here) filed amended answers, setting up matters almost exclusively in defense of any liability whatever to appellee by reason of being sureties on the bond of her guardian. On motion of appellee the amended answers were stricken from the files.

The liability of appellants was established by the decision and judgment of this court above referred to, and that question was not subject to be litigated again upon the reinstatement of the case in the circuit court. Under the directions given that court by this court it could only take the account for the purpose of ascertaining the amount of the liability. (*Union Nat. Bank* v. *Hines,* 187 Ill. 109; *People* v. *Gibbons,* 161 id. 510.) One of the defenses set up in the amended answer was, that after the original hearing and decree in the circuit court appellee accepted a conveyance of the undivided one-half of the land her guardian had purchased with her money and which he had mortgaged to his sureties to secure them as such sureties. The circuit court heard evidence offered by appellants upon this subject, but the evidence not only failed to establish this claim but clearly proved that it was incorrect. After hearing all the evidence offered as to the amount due appellee from appellants, the court found and decreed that there was due her the sum of $2422.50, being the amount of her money received by her guardian, with interest thereon. There was no proof that she had ever received anything whatever on that account. It is apparent from appellants' brief and argument that what they sought to do upon the re-instatement of the case in the circuit court was to re-litigate the validity of the alleged settlement of appellee's guardian with her, the real contention being that this court, in the decision of the case, had applied an erroneous rule of law. If that were true, the question determined was none the less *res judicata* and binding on the court. Such a question may properly be raised on a petition for rehearing in this court, but could afford no justification either for the circuit court or this

court to unsettle or destroy the former adjudication of the rights of the parties made by this court in the same case on a former appeal. We could not hold that the circuit court erred in doing precisely what it was directed by this court to do, and the Appellate Court correctly affirmed the decree of the circuit court.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*