People of the State of Illinois, Plaintiff-Appellee, v. Charles Dixon, Defendant-Appellant.

Gen. No. 50,586.

First District, First Division.

September 19, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty and Frederick F. Cohn, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Carmen Speranza, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant was convicted by a jury of the charge of armed robbery, and sentenced to a term in the penitentiary of not less than five nor more than ten years. On appeal, he contends that he was deprived of a fair trial because the trial judge permitted the jury to take the defendant's written and signed statement to the jury room with them when they retired to consider their verdict.

On December 20, 1963, a masked man armed with a rifle entered the second-floor office of the Sleepmakers,

Inc. plant at 2434 South Western Avenue in Chicago. He first robbed the president of the company, Walter Kreider, and Mrs. Nancy Satek, the only other occupant of the office, of the contents of their wallets. Then, with his rifle at Kreider's back, he said, "Go get the cashbox," and nudged Kreider in the direction of the file cabinet in which the cashbox was kept. There was also a safe in the office; but the cashbox was kept in a file cabinet on the other side of the office. During the robbery, the man spoke repeatedly to Kreider and Mrs. Satek. After tying them up, he escaped with an estimated $336 and two checks from the cashbox, $20 from Kreider's wallet, and $13 from that of Mrs. Satek. Kreider testified that when the police arrived he told them that he suspected the robber was defendant Charles Dixon, an employee of the firm. Kreider and Mrs. Satek both testified that they recognized the voice of the defendant as that of the robber and that the robber was of the same build as the defendant.

Defendant continued to work for Sleepmakers, Inc., and was first questioned about the robbery on August 12, 1964. He admitted to the police, in the presence of Kreider, that he had planned the robbery with a relative whom he knew only as "Eddy"; that he had waited in Eddy's car while Eddy went into the office and committed the robbery, and that he had shared in the proceeds of the robbery. The police officers then reduced the defendant's statement to writing, which the defendant voluntarily signed. Defendant's relative, Eddy, was later located and arrested, but denied having taken any part in the robbery. Eddy was released after a hearing in Felony Court, at which Kreider testified.

Although defendant admitted that he voluntarily signed the written statement, he claimed that he had not been aware of all of its contents. He testified to a quite different version of the robbery, denying that he had participated in its planning or execution. His testimony was

that as he left work on the day of the robbery he encountered Eddy outside the plant, and that Eddy told him that he was about to rob the office. The defendant testified he warned Eddy not to try it, and then when Eddy entered the building carrying a rifle the defendant caught a streetcar and went home. He said he didn't inform his employer as to the identity of the robber because, "I didn't think it was any of my business."

The written statement, signed by the defendant, was introduced into evidence, read in its entirety to the jury, and taken to the jury room, all without objection by the court-appointed trial counsel for the defendant. Defendant now argues that our Supreme Court in People v. Spranger, 314 Ill 602, 145 NE 706, held it is error for the court to allow the jury to take with them to the jury room "confessions or other instruments of evidence depending for their value on the credibility of the maker." 314 Ill at 612. He further argues that the failure of trial counsel to object does not preclude defendant from raising the point on appeal under the following provisions of Ill Rev Stats, ch 38, § 121-9 (1963) :

§ 121-9. The Cause on Appeal.

(a) Insubstantial and Substantial Errors on Appeal. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.

In People v. Allen, 17 Ill2d 55, 160 NE2d 818, the defendant argued on appeal that it was error for the trial court to allow the jury to take to the jury room several physical objects which had been admitted as exhibits into evidence. Trial counsel had objected only with respect to one of these items. Our Supreme Court held:

> The alleged error in taking the other exhibits is therefore waived. It is well established that the matter of whether exhibits should be taken to the jury room is within the sound discretion of the trial judge and his ruling will not be disturbed unless there was an abuse of such discretion to the prejudice of defendant. (People v. Ciucci, 8 Ill2d 619.) We are of the opinion that no such abuse of discretion or prejudice is shown here. (17 Ill2d at 62, 63).

In the case at bar, Kreider and two police officers had all testified as to what defendant had admitted to the police. The statement embodying those admissions was admitted into evidence and was read in its entirety to the jury. While we feel that a trial judge should exercise great caution and consider the problem very carefully before permitting the jury to take a confession with them to the jury room, we hold that under the circumstances of this case the defendant could not have been prejudiced thereby. The contents of the statement had been thoroughly aired during the trial and there was persuasive independent evidence of the defendant's guilt.

People v. Spranger, 314 Ill 602, 145 NE 706, relied on by defendant, differs from the case at bar in several relevant respects. First, there was a serious question in Spranger as to the voluntariness of the statement. Here, there is no indication whatever of any coercion; in fact, the testimony of the defendant himself indicates the opposite conclusion. He stated that while he was in police custody on August 12, 1964, the police were not guilty of any form of police brutality, and that he cooperated fully with them. A second distinction of Spranger is that the statement in that case was made by one of two co-defendants, and therefore was not even competent as against the other. There is no indication in the opinion that a limiting instruction was given. Finally, while in

Spranger the statement was admitted into evidence, there is no indication that it had already been read to the jury or that witnesses had testified to its contents, as in the case at bar.

The judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.