(No. 40276.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
CHARLES DIXON, Appellant.

*Opinion filed May 18, 1967.*

KLUCZYNSKI and WARD, JJ., took no part.

GERALD W. GETTY, Public Defender, of Chicago,
(FREDERICK F. COHN and JAMES J. DOHERTY, Assistant
Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and LAWRENCE GENESEN, Assistant State's Attor-
neys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

The defendant, Charles Dixon, was convicted of armed
robbery and sentenced to 5 to 10 years imprisonment fol-
lowing a jury trial in the circuit court of Cook County. He
appealed to the First District Appellate Court, alleging that
the trial court denied him a fair trial by permitting the jury
to take his signed statement into the jury room while de-

liberating as to a verdict. The appellate court rejected this contention (75 Ill. App. 2d 77) and affirmed. Defendant sought, and we granted, leave to appeal.

A brief summation of the facts is sufficient to present the problem. On December 20, 1963, a masked man armed with a rifle robbed the office of Sleepmaker's, Inc. The company president, Walter Kreider, who was present during the robbery, reported it to the police and allegedly told them at the time that he suspected that the robber was defendant, who was then in his employ. Defendant remained with Sleepmaker's until August of 1964, at which time he admittedly committed a theft in the same office. After confessing this, defendant was questioned about and admitted his participation in the armed robbery and signed a typed copy of an oral statement in which he admitted that he planned the robbery with one Edward Hatch, that he waited in Hatch's car while Hatch committed the robbery, and that he shared in the proceeds. It is this statement, which was admitted in evidence, that accompanied the jurors into the jury room.

At the trial, Kreider and Nancy Satek, another employee who was also present during the robbery, identified the defendant as the person who actually entered the office and committed the robbery. Defendant testified in his own behalf and repudiated those portions of his statement in which he admitted complicity in the crime. Defendant did not object to the statement being taken to the jury room, but seems to have assumed it would accompany the jury, for in his closing argument his counsel said: "And of course you will be given a copy of * * * [the statement], it has been introduced in evidence."

In *People* v. *Spranger,* 314 Ill. 602, one of the many errors which was found to have occurred was the action of the trial court in permitting the jury to have a confession before it during its deliberations. Defendant argues that *Spranger* requires a reversal here. The appellate court re-

jected this contention on the grounds that in *Spranger,* contrary to the situation in this case, "there was a serious question * * * as to the voluntariness of the statement * * * [it] was made by one of two co-defendants, and therefore was not even competent as against the other * * * [and] while * * * [it] was admitted into evidence, there is no indication that it had already been read to the jury or that witnesses had testified to its contents * * . *." We find it unnecessary to consider whether the appellate court's distinction was proper for we believe the record clearly indicates that defendant's trial strategy was based largely upon the variances between the facts as stated in the confession and as testified to by the State's witnesses.

The main thrust of defendant's argument to the jury was that the State failed to prove him guilty beyond a reasonable doubt, inasmuch as it presented inconsistent evidence of his guilt. In the confession defendant admitted that he planned the robbery and shared in its proceeds, but he stated that it was Edward Hatch who actually committed it. Contrary to this, Walter Kreider and Nancy Satek testified that it was defendant who actually perpetrated the crime. In his closing argument, defendant repeatedly pointed out this inconsistency, telling the jury that the State presented this inconsistent evidence in the hope that it would find the defendant guilty under one view or the other. Consistent with his subsequent argument, after the State had rested its case but then asked permission to reopen so that defendant's statement could be read to the jury, defendant volunteered: "Put it in on rebuttal." After the trial court denied the State's request defense counsel stated: "Let the record show * * * that defendant by his counsel has no objection to the State reopening the case in chief for purpose of reading People's Exhibit 1 to the jury." It seems apparent from these statements and defendant's argument that his strategy was to emphasize the inconsistency in the State's case in an effort to obtain an acquittal, and this

conclusion is strengthened by his remark in his closing argument that "of course you will be given a copy of [the statement]". Under these circumstances we believe the absence of any objection by defendant to sending his confession into the jury room constituted a waiver which now precludes assertion of error in this respect. *People* v. *Williams,* 36 Ill.2d 195, 197-203.

The judgment of the Appellate Court, First District, is affirmed.

*Judgment affirmed.*

KLUCZYNSKI and WARD, JJ., took no part in the consideration or decision of this case.