(No. 43993.—▮▮▮▮▮▮▮▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOSEPH DOWLING, Appellant.

*Opinion filed March 21, 1972.—Rehearing denied May 25, 1972.*

WARD, J., took no part.

ROBERT H. WHEELER, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney General (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES TRUSCHKE, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In a jury trial in the circuit court of Cook County, Joseph Dowling was found guilty of armed robbery and subsequently sentenced to imprisonment for 25 to 50 years. His conviction was affirmed on appeal. *(People v. Dowling (1968), 95 Ill.App.2d 223.)* In a post-conviction petition thereafter filed (Ill.Rev.Stat. 1969, ch. 38, par. 122–1 *et seq.*), he alleged reversible error occurred when a pair of shoes, obtained during an illegal search, was introduced into evidence. At the hearing thereon the State admitted that the shoes had been illegally seized, but urged that defense counsel, motivated by trial strategy, had raised the issue of the shoes and insisted on arguing the issue to the jury, thereby waiving his constitutional claim; additionally it is here argued that the earlier appeal is *res judicata* of this issue.

The State in its case in chief made no reference to the shoes. They became a factor in the case only after defense counsel, during cross-examination of the State's rebuttal witness, Officer Kenny, called the officer as his own witness and interjected into the trial the issue of the footprints in the snow outside the home where the crime occurred in an apparent effort to establish police negligence in failing to investigate their possible connection with petitioner's shoes. The prosecutor then, without objection by defense counsel, elicited from the witness the

facts concerning the seizure from petitioner's apartment of a pair of shoes which matched the footprints at the crime scene. Defense counsel thereafter continued into this issue by having the officer identify defendant's exhibit No. 1 as the shoes in question, and by inquiring into the police failure to attempt to determine whether the shoes fit petitioner. In a conference on an objection by the State, defense counsel, if he had not previously known of or had reason to suspect a fourth amendment violation, was conclusively put on notice of the illegal search and seizure problem by the court and the prosecutor in the following colloquy:

> "THE COURT: Now, my impression is that there would be a search and seizure problem here that might preclude the State from offering this in evidence in chief.
>
> MR. ZUCKERMAN [Assistant State's Attorney] : Exactly. That is why they were not offered."

Nevertheless, defense counsel continued with his original strategy as demonstrated by the following exchange:

> "THE COURT: The State is now asking that Defendant's Exhibit No. 1 for identification be marked People's Exhibit No. 10 for identification and they wish to offer the shoes into evidence. What is your position on that?
>
> MR. McDONNELL: Well, I am going to comment on the shoes anyway in the argument. I would object to their being in evidence. They are in evidence as far as old testimony is concerned.
>
> THE COURT: Yes.
>
> MR. McDONNELL: I would object to them going in.
>
> THE COURT: You say you intend to comment on them.
>
> MR. McDONNELL: On the oral testimony of the police officer, absolutely.
>
> THE COURT: Well, since you take that

position then, your objection to their admission will be overruled and they may be marked as People's Exhibit No. 10 for identification. You don't intend to offer them yourself?

MR. McDONNELL: No, Judge."

Defendant testified the shoes were not his and were larger than he wore; defense counsel later commented in argument upon the State's failure to tell the jury about the shoes, to prove that they were petitioner's shoes or to prove that they were taken from what was in fact petitioner's apartment.

On these facts it is clear that defense counsel, motivated by trial strategy, intended to and did bring the shoes into issue, and, though informed of the illegal search and seizure, made only a general objection to their introduction into evidence while simultaneously expressing his intention to keep the fact of their suppression before the jury. Neither judge nor jury would have known of the shoes had defense counsel not deemed the subject helpful to defendant. Having introduced the matter, defendant cannot now complain of their presence. *(People v. Dixon (1967), 37 Ill.2d 416.)* We believe, in these circumstances, that defense counsel's actions constituted a knowing waiver binding on petitioner. *Henry v. Mississippi (1965), 379 U.S. 443, 13 L.Ed.2d 408, 85 S.Ct. 564; People v. George (1971), 49 Ill.2d 372.*

Additionally, it is apparent that the argument here made was available on the record at the time the direct appeal was taken, and is accordingly barred by *res judicata. People v. Mamolella (1969), 42 Ill.2d 69; People v. Ashley (1966), 34 Ill.2d 402.*

The denial of the post-conviction petition by the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.