THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD WISE, Defendant-Appellant.

First District (5th Division)   No. 1—88—2063

Opinion filed November 9, 1990.

Michael J. Pelletier and Linda Eigner, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Walter P. Hehner, and Candace A. Williams, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

Defendant Ronald Wise (Wise) was charged with aggravated battery and robbery. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—4(b)(8), 18—1(a).) He was tried before a jury and, after the State's evidence, was granted a directed finding on the aggravated battery count. The jury found Wise guilty of robbery, and he was later sentenced to 10 years' incarceration in the Department of Corrections. He now brings this appeal in which he questions, among other things, the sufficiency of the evidence against him. Because we agree that the evidence leaves a reasonable doubt as to Wise's guilt for the crime charged, we reverse.

The complaining witness, Reneal Neither (Neither), testified at trial that about midnight on January 4, 1987, he entered the Dunes Submarine Shop located at 39th and Martin Luther King Drive in Chicago. Inside this shop he noticed two men whom he knew and recognized as "Crazy Ron" (defendant) and Edgar Jones (Jones). According to Neither's testimony, defendant, without provocation or cause, came up to him from behind and grabbed him in a "bear hug." At the same time, Jones walked up to him, pulled a gold rope chain and medallion

from his neck and then struck him in the left eye. Two police officers then arrived on the scene. As the officers entered the shop, defendant and Jones ran out of the store, and the police followed in pursuit.

Officer Bresnahan, who was one of the officers to respond to the scene, testified that he had monitored a police radio dispatch indicating that a fight was going on at 339 East 39th Street. Since he and his partner, Rodriguez, were nearby, they responded and arrived on the scene within a minute of receiving the radio message. As they approached the store, he could see that there was a struggle between "three black males," whom he later identified as Neither, Wise and Jones. It appeared that Wise was holding Neither from behind, but he saw no blows being exchanged.

As the officers entered the store, Jones ran through the front door. Wise momentarily "got in the way" and then he, too, ran from the location. Officer Bresnahan stated that he heard someone say "there they go" and then he and his partner took off in pursuit. Shortly thereafter, they apprehended both Wise and Jones in a third-floor stairwell landing at the Ida B. Wells apartment complex. They returned to the submarine shop with Wise and Jones but found that the apparent victim (Neither) had left the area. They then transported Wise and Jones to the police station and, since no victim contacted the police, charged them only with disorderly conduct.

Neither testified that after the police left the shop in pursuit of Wise and Jones, he returned home. He did not contact the police to report what happened that night. In fact, it was not until two detectives located him the next day, as a result of their investigation of the incident, that Neither indicated that he had been the victim of a robbery. Neither then identified photographs of Wise and Jones and indicated that Jones had pulled a gold rope chain from his neck during the incident.

During the defense Neither's trial testimony was impeached by evidence that he made subsequent statements exonerating defendant from any complicity in the robbery. On January 11, 1988, Neither was contacted by Michael Black, an investigator for the public defender's office. Black testified that he called Neither for an appointment prior to visiting Neither at his home and that Neither agreed to meet him. Black further testified that when he arrived at Neither's home, he identified himself as an investigator for the defense and showed Neither his identification and badge. He then asked Neither about the January 4, 1987, incident at the submarine shop. According to Black's testimony, Neither indicated that Jones, not Wise, had taken his gold chain and that Wise had not been involved in the incident. Black

asked Neither for a written statement to this effect and Neither agreed to sign a statement that Black then prepared, which read:

> "Reneal relates that Ronald Wise had nothing to do with robbing him of his gold rope neck chain, and a gold neck medallion. Reneal further relates that Ronald Wise is innocent and that Edgar Jones is the person who robbed him of his gold chain and medallion, and will come to court and testify to this."

At the request of Wise's attorney, Black contacted Neither a second time and asked him if they could meet once more to discuss the robbery. Neither agreed to meet with Black at the public defender's office in downtown Chicago. There Neither met with Black and defense counsel. After a discussion of the incident Neither agreed to sign another, more detailed statement, which read:

> "Reneal says that Ronald Wise did not commit the robbery of taking his gold chain with a gold medallion connected. Reneal says Ronald Wise did not touch him or block his walk path by trying to help Edgar Jones robb [*sic*] him of his personal items. Edgar Jones is the person who had taken his gold chain with medallion. Reneal says that the chain was taken first and then Reneal and Edgar Jones started fighting together, and Ronald Wise did not help or get involved in the fight between Reneal and Edgar."

In both instances, Black testified that Neither read and/or had the statement read to him and that Neither initialed and then signed the statement of his own free will after finding it to be an accurate and true account of his statements.

Neither, on the other hand, disavowed these statements. Although Neither admitted that he met with Black and signed the statements, he claimed that he was unaware of Black's affiliation with the defense. He claimed that Black "flashed an ID" and indicated that he was from "downtown." Neither claimed that he believed Black to be a police officer. Neither also claimed that Black did not ask about the incident but merely wrote something down and then asked him to sign it. He stated that he only "glanced" at what Black had written and then signed it because he was told that he would not have to come to court. With regard to the second statement, Neither admitted that he agreed to meet Black at the public defender's office and that he saw the sign on the door when he arrived. However, he claimed that he didn't know what this meant and, again, merely glanced at the written statement and signed it, upon the assurance that he would then not be required to come to court.

After argument and instructions to the jury, Wise was found

guilty of robbery and it is from this conviction that he appeals.

■■ As stated earlier, defendant raises a question as to the sufficiency of the evidence against him. When faced with such a claim it is the reviewing court's duty to examine the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime charged had been proven beyond a reasonable doubt. (*People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 453.) The *Young* court further stated:

> "The due process clause of the fourteenth amendment (U.S. Const., amend. XIV) protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged. (*In re Winship* (1970), 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1078.) When presented with a challenge to the sufficiency of the evidence, it is this court's function to carefully examine the evidence, giving due consideration to the fact that the court and jury saw and heard the witnesses. If, after such consideration, this court is of the opinion that the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt and is not sufficient to create an abiding conviction that he is guilty of the crime charged, then the conviction must be reversed. *People v. Bartall* (1983), 98 Ill. 2d 294, 306; *People v. Jefferson* (1962), 24 Ill. 2d 398, 402." 128 Ill. 2d at 48.

After a careful review of the evidence in this case we are not left with an abiding conviction of defendant's guilt, and so we feel compelled to reverse defendant's conviction.

■■ ■ The State repeatedly recites in its argument the proposition that discrepancies in testimony do not destroy credibility and that the testimony of a single witness, if positive and credible, even if contradicted, is sufficient to support a conviction. (*People v. Ranola* (1987), 153 Ill. App. 3d 92, 505 N.E.2d 1191; *People v. Davis* (1984), 130 Ill. App. 3d 41, 473 N.E.2d 387.) While these statements are undoubtedly true, they are not applicable to this case since in this case the single accusing witness' testimony did not merely contain minor discrepancies. Instead, it was severely impeached by evidence of his own inconsistent statements concerning the robbery and defendant's participation in it, thereby greatly reducing the credibility of Neither's trial testimony. In light of this fact, and the lack of any corroborative evidence, we find Neither's trial testimony insufficient.

■■ Additionally, we observe that Wise was found guilty of robbery on an accountability theory. A person is legally accountable for the conduct of another when, either before or during the commission

of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid such other person in the planning or commission of the offense. (Ill. Rev. Stat. 1985, ch. 38, par. 5–2; *People v. Green* (1988), 179 Ill. App. 3d 1, 15, 535 N.E.2d 413.) Consequently, to prove Wise accountable for the robbery perpetrated by Jones, there must have been sufficient evidence that the actions of Wise were made with the intent to aid or abet Jones' plan to commit the offense of robbery.

■■ Although Neither remained singularly adamant concerning Edgar Jones' culpability for the robbery, Neither was not as positive about Wise's involvement. In fact, there was no evidence, except Neither's questionable trial testimony, that Wise's act of holding Neither had been with the intent of assisting Jones in accomplishing a robbery. The police were apparently called because a fight was going on between Jones and Neither. The fact that a fight took place between these two men was verified in Neither's statements to Michael Black and defense counsel. It is unclear at what point Jones took the gold chain and when, and for what reason, Wise became involved in the altercation. Thus, even when viewing the evidence in a light most favorable to the prosecution, the evidence established, at best, that Wise held Neither from behind at some point during an encounter with Jones. Based on this evidence we do not find a sufficient basis for holding Wise accountable for the offense of robbery.

We note that Wise has raised two additional issues on appeal, namely, (1) that he was denied a fair trial based upon the admission of irrelevant and unduly prejudicial evidence, such as his use of an alias, and (2) prosecutorial misconduct or overreaching based upon certain unsubstantiated remarks made at trial which insinuated that Neither had been threatened or intimidated by defendant, defendant's attorney or the investigator, into making the inconsistent statements and which served to bolster Neither's credibility. We choose not to reach the merits of these issues. In light of our decision to reverse defendant's conviction based on the lack of sufficient evidence, any commentary on these additional issues would be merely *dicta* and of no benefit or purpose.

For the reasons stated above we reverse defendant Wise's conviction and the sentence entered thereon.

Reversed.

COCCIA, P.J., and GORDON, J., concur.