THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LLOYD TOMPKINS, SR., Defendant-Appellant.

Third District   No. 3—86—0551

Opinion filed May 13, 1987.—Rehearing denied June 11, 1987.

Judith Kelly, of State Appellate Defender's Office, of Ottawa, for appellant.

David Zwicker, State's Attorney, of Aledo (William L. Browers, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Lloyd Tompkins, Sr., was convicted of murder and sentenced to 30 years of imprisonment. The defendant appeals. We reverse and remand.

While living apart from his wife, pending their divorce, the defendant returned to the marital residence one morning. Finding his wife in bed, he took a shotgun out of a closet and loaded it. As she got out of bed, he shot and killed her. The defendant then called the sheriff's office, reported the incident, and was arrested. Following a trial, a jury found him guilty of murder.

At the sentencing hearing, the trial court found in mitigation that the defendant had virtually no criminal history; he had a supportive family; he had a good job record; he had reached a point of desperation due to his marital problems; he had a good military record; he did not flee after committing the offense; until the instant offense, he seemed to be a nonviolent person; he showed remorse; and he was 50 years old. In aggravation, the court found that the defendant's actions resulted in the death of the victim; there was no struggle and the murder appeared premeditated and relatively unprovoked; the defend-

ant had threatened his previous wife with a shotgun shortly before their divorce; the victim may have lived for a while and suffered; the victim was recovering from an operation; the defendant had attempted to find someone who would burn down his wife's place of employment; and the sentence was necessary to deter others from committing the same crime. The court then sentenced the defendant to 30 years in prison.

On appeal, the defendant argues that his sentence should be reduced given the presence of significant mitigating factors and the court's reliance on improper aggravating factors. Specifically, the defendant contends that the court improperly found in aggravation that: (1) the defendant had threatened his previous wife with a shotgun during their divorce; (2) the victim may have lived for a while and suffered; (3) the victim was recovering from an operation; and (4) the defendant's actions resulted in the victim's death.

Absent an abuse of discretion, a reviewing court may not alter the trial court's sentencing determination. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) A sentencing court is not bound by the usual rules of evidence, but may search anywhere within reasonable bounds for facts tending to aggravate or mitigate an offense. (*People v. Crews* (1967), 38 Ill. 2d 331, 231 N.E.2d 451.) Evidence concerning unrelated criminal conduct may be admitted at a hearing in aggravation and mitigation only after its reliability and accuracy have been proven by the rigors of cross-examination. (*People v. Kirk* (1978), 62 Ill. App. 3d 49, 378 N.E.2d 795.) Such prior misconduct need not have resulted in a conviction and may be hearsay. (*People v. Brisbon* (1985), 106 Ill. 2d 342, 478 N.E.2d 402.) While it is proper to consider as an aggravating factor the force employed and the physical manner in which the victim's death was brought about, it is improper to consider the death of the victim as an aggravating factor where the death is implicit in the offense. *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138.

In the instant case, the defendant introduced evidence which included an allegation that he had threatened his first wife with a shotgun. That allegation was subjected to cross-examination which tended to show that the defendant had threatened his wife while holding a shotgun, though he did not point it at her. Pursuant to *Kirk* and *Brisbon*, we find that the trial court could properly rely on this prior misconduct as an aggravating factor.

Regarding the victim's suffering, the pathologist testified that her death may not have occurred instantly, but probably would have occurred within five minutes and would have been preceded by shock.

The trial court merely stated that the victim may have lived for a while and suffered. In so doing, the court specifically noted that it was not giving great weight to this factor. We find that the court's limited reliance on this aggravating factor was supported by the evidence and was within the reasonable bounds set forth in *Crews*.

■ The evidence also established that the victim was recovering from a tubal ligation performed the day before the incident. The trial judge stated that it was unknown whether the defendant knew about the operation. Nonetheless, the court considered the victim's medical condition in aggravation, because she was less able to defend herself due to the pain from the operation and the drugs she was taking. Evidence to this effect was offered by a witness who had brought her home from the hospital following her surgery. We find the trial court's consideration of the victim's recent operation to have been within its discretion.

■ As for the court's consideration of the victim's death as an aggravating factor, we find it to have been in error. The record clearly shows that the court considered the victim's death in and of itself as an aggravating factor. The victim's death is implicit in the offense of murder. Accordingly, that fact standing alone cannot be considered in aggravation. We therefore find that we must reverse the defendant's sentence.

■ We do not agree with the defendant, however, that in light of the mitigating factors we should automatically reduce his sentence to the minimum penalty of 20 years' imprisonment. In this case, we feel that decision is better left with the trial court, which has a better opportunity to assess the facts, including those factors which do not appear in the record, such as the defendant's demeanor and mentality. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Accordingly, we reverse the sentence imposed by the circuit court of Mercer County. The cause is remanded for a new sentencing hearing to be conducted by a judge other than the one who presided over the first hearing.

Reversed and remanded with instructions.

BARRY, P.J., and SCOTT, J., concur.