THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LLOYD F. TOMPKINS, SR., Defendant-Appellant.

Third District   No. 3—88—0227

Opinion filed February 23, 1989.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

David Zwicker, State's Attorney, of Aledo (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

A Mercer County jury found the defendant, Lloyd F. Tompkins, Sr., guilty of murder. (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(a)(2).) After a hearing, the defendant was sentenced to 30 years' imprisonment. He appealed the sentence and we reversed and remanded for resentencing. The defendant now appeals the 30 years' imprisonment he again received upon remandment.

A summary of the evidence introduced at trial and at the first sentencing hearing can be found in our opinion issued in the first appeal. (*People v. Tompkins* (1987), 155 Ill. App. 3d 380, 508 N.E.2d 481.) It is sufficient to note that in our prior opinion we found that the sentencing court had improperly considered the victim's death as an aggravating factor, since death was an element of the offense. See *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138.

At the resentencing hearing, the trial court found in mitigation that the defendant had a supportive family, a good job record, and a good military record. The court also found that the defendant was an industrious man, that he had reported the offense himself, and that he had not fled after committing the offense. However, the court specifically refused to find as a mitigating factor that the defendant had led a law-abiding life for a substantial period of time before his commission of the murder. The original sentencing judge had found that this was a mitigating factor.

In aggravation, the resentencing court found that the sentence was necessary to deter others from committing the same crime and that the victim was recovering from an operation. The court, in compliance with our direction in the first appeal of this cause, specifically did not find that the victim's death was an aggravating factor. The resentencing judge also did not consider in aggravation certain other factors that the first sentencing judge had found. Those factors were that the victim may have lived for awhile and suffered, that the defendant had threatened his previous wife with a shotgun shortly before their divorce, and that the defendant had attempted to find someone who would burn down his wife's place of employment.

On appeal, the defendant argues that the trial court erred in not

finding in mitigation that he had led a law-abiding life for a substantial period of time before the commission of the murder. The defendant further contends that, in light of the significant mitigating factors, his sentence should be reduced, or in the alternative, that his sentence should be vacated and the cause remanded for resentencing.

■ We find that the judge properly refused to find that the defendant had led a law-abiding life for a substantial period of time before the commission of the murder. The court's finding is supported by the fact that the defendant had threatened his previous wife with a shotgun and that he had threatened arson at least two weeks prior to the murder.

■ We find insignificant the fact that the first sentencing judge found in mitigation that the defendant had led a law-abiding life. Section 5—4—1(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—4—1(b)) requires that a judge impose sentence based on his independent assessment of the sentencing elements. When a trial court's sentencing order is vacated on appeal and remanded for a new sentencing hearing, the judge should simply consider the matter anew, without relying on any factors which were held to be improper. (*People v. Morton* (1981), 102 Ill. App. 3d 280, 430 N.E.2d 383.) The sentencing judge may make an independent assessment of the appropriate aggravating and mitigating factors present in a case. See *People v. Goodman* (1983), 116 Ill. App. 3d 125, 451 N.E.2d 607.

■ We reject the defendant's contention that since his attempt to find someone to commit arson was a part of the same event that led to the murder, it should not preclude a finding that he was law abiding. The defendant in support of his position cites *People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233, and *People v. Buggs* (1986), 112 Ill. 2d 284, 493 N.E.2d 332. In both of those cases, the events leading up to the murder occurred within a few hours of the offense. In the instant case, the defendant attempted to find someone to commit arson at least two weeks and perhaps as much as two months before the murder. As such, the criminal activity at issue here was not "a part of one unfortunate and tragic event precipitated by the events leading up to the [murder]." *People v. Carlson* (1980), 79 Ill. 2d 564, 588, 404 N.E.2d 233, 244.

■ We further do not agree with the defendant that in light of the mitigating factors we should reduce his sentence. A reviewing court considering the appropriateness of a sentence must give great weight to the judgment of the trial court and should not alter the sentence imposed unless the court abused its discretion. *People v. Cox*

(1980), 82 Ill. 2d 268, 412 N.E.2d 541.

The instant trial court did not abuse its discretion in sentencing the defendant to 30 years in prison. The defendant shot and killed his wife while she was recovering from surgery. There was no evidence presented that she said or did anything on the morning in question to provoke this act. Merely because we might have balanced the appropriate factors differently is no reason to substitute our judgment for that of the trial court. *People v. Morton* (1981), 102 Ill. App. 3d 280, 430 N.E.2d 383.

For the foregoing reasons, the judgment of the circuit court of Mercer County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.