THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALDINE COLTER, Defendant-Appellant.

Third District   No. 3—87—0496

Opinion filed April 7, 1989.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

After trial by jury in the circuit court of Henry County, Geraldine Colter was found guilty of two counts of theft of property having a value in excess of $300. The defendant was sentenced to two concurrent terms of imprisonment of two years.

The defendant from January 1981 through October 1984 was employed as a secretary-bookkeeper by the Geneseo Good Samaritan Center. In such capacity she received funds in payment for care received by the residents of the facility. Through various ruses used by the defendant when depositing the funds, she siphoned from the funds for her own use an amount not less than $32,330 or more than $38,000.

Coexistent with the criminal proceedings against the defendant was a civil action filed against her by the Good Samaritan Center, which sought judgment in the approximate sum of $38,000. The civil action was settled by a stipulated judgment order whereby the defendant agreed to pay the center $30,000 within one year from the date of such order.

In mitigation of sentence the defendant argued that she was 55

years of age, has no criminal record and that during the course of her criminal prosecution she was hospitalized by a stroke and will be taking stroke-preventive medication for the remainder of her life. She also expressed her willingness to make amends for her conduct by making restitution in the sum of $30,000, which is the amount of the civil judgment against her. The trial court listed restitution as a mitigating factor but stated that the court would give such factor little if any weight and opined that restitution in the case was "speculative." The trial court continued the sentencing (to June 23, 1987) in order to permit the defendant to make a showing that she had the ability to make restitution. At this hearing the defendant testified concerning arrangements she had made which would enable her to pay $30,000, the sum stipulated to in the judgment order. The substance of the defendant's testimony was that her husband had agreed to give her a quitclaim deed as to his interest in the family home. That such transfer would be made was a certainty, since the husband's interest was to be transferred to the defendant pursuant to a legal separation agreement. The property was encumbered by a $3,500 home-improvement loan. The defendant further testified to the effect that if the sale of the property did not provide sufficient funds, her husband would make up the difference by withdrawing funds from his Individual Retirement Account.

All the information relating to restitution was adduced at the sentencing hearing, but as heretofore noted, the trial judge stated that "the compensation that is forthcoming is one of a speculative nature." The defendant was then sentenced to the terms of imprisonment.

At a subsequent hearing on defendant's motion to reduce sentence, the matter of the restitution was again raised. The defendant testified that her house was listed with a realtor and that a contract for sale, supported by earnest money, had been entered into. The purchaser had a loan application pending, and if this sale was not consummated, the realtor had two other purchasers for the house. The motion to reduce sentence was denied and again on the ground that restitution was too speculative.

We doubt not the trial court's sincerity in considering restitution as speculative. However, subsequent events proved that the judge was incorrect. In less than two months after the hearing on the motion to reduce sentence, the defendant paid the $30,000 judgment to the Good Samaritan Center.

■■ ■ In the instant case, after examining the statutory factors to be considered, this court finds it difficult to justify the terms of imprisonment imposed on the defendant. Directing our attention to the

Constitution of our State, we find that it mandates that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, §11.) We do not deprecate the seriousness of the defendant's offense, but there are a number of statutory factors which cast doubt on the applicability of the sentence imposed on her. Section 5—5—3.1 of our Code of Criminal Procedure of 1963 provides as follows:

"1005—5—3.1. Factors in mitigation. \*\*\*

(1) the defendant's criminal conduct neither caused nor threatened serious physical harm to another;

(2) the defendant did not contemplate that his criminal conduct would cause or threaten serious physical harm to another;

(3) \*\*\*

(4) \*\*\*

(5) \*\*\*

(6) the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;

(7) the defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime;

(8) the defendant's criminal conduct was the result of circumstances unlikely to recur;

(9) the character and attitudes of the defendant indicate that he is unlikely to commit another crime;

(10) the defendant is particularly likely to comply with the terms of a period of probation;

(11) \*\*\*

(12) the imprisonment of the defendant would endanger his or her medical condition." Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1.

Of the 12 statutory factors set forth as being of some weight in withholding or minimizing a sentence of imprisonment, eight of them should have been considered as favoring mitigation when the defendant was sentenced.

■ We will not perorate further on the sentences imposed, but will merely observe that we fail to see where imprisonment of the defendant will be of any benefit to her and our system of justice. That her imprisonment might serve as a deterrence to others is highly questionable. It is an academic question as to the effects of imprisonment as far as deterrence is concerned. We certainly do not believe

that this is a case where imprisonment would provide any significant deterrence.

For the reasons set forth, this case is remanded to the circuit court of Henry County for resentencing.

Reversed and remanded.

WOMBACHER, P.J., concurs.

JUSTICE HEIPLE, dissenting:

The defendant, Geraldine Colter, was employed as a secretary-bookkeeper for the Geneseo Good Samaritan Center (Center) for over three years. While serving in this position, the defendant altered records at the Center enabling her to abscond with $32,500 of the Center's funds. Additionally, the defendant stole money from the Center by cashing checks improperly. Records indicate that approximately $3,200 was taken in this manner. Following a jury trial, the defendant was found guilty of two counts of felony theft and was sentenced to concurrent terms of imprisonment of two years, the minimum sentence allowed by statute for a Class 3 felony conviction. Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1); Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(6).

Finding that the trial judge failed to adequately examine the statutory factors to be considered in mitigating the defendant's sentence, the majority reverses and remands for resentencing. I dissent.

In the case at bar, the record establishes that the trial court carefully considered the evidence presented when imposing the sentence. In considering factors of mitigation, the trial judge specifically noted the defendant's willingness to pay $30,000 in restitution and the defendant's poor health caused by a recent stroke. The trial judge further noted, however, that the defendant used her position of trust as a bookkeeper at the Good Samaritan Center to steal a substantial amount of money from her employer and that the sentence was necessary to deter others from committing the same kind of crime. The trial court then gave the defendant the minimum sentence allowed under the statute.

The only other sentence the trial court could have imposed would have been probation. The Illinois Supreme Court has ruled that a reviewing court does not have authority to reduce a sentence of imprisonment to one of probation. (*People v. Cox* (1980), 82 Ill. 2d 268; *People v. Bolyard* (1975), 61 Ill. 2d 583; *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552.) The reason for this rule of law is that the trial

court is in the best position to balance the appropriate factors and reach a determination of whether or not probation should be granted. *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552.

What we have here is a situation where a majority of this appellate court panel feels sorry for the defendant. Such feelings are understandable. This defendant is a person in late middle age who has suffered a stroke and has attempted partial restitution to her own impoverishment. That the defendant is a person to be pitied is to be acknowledged. Having said that, however, it must be noted that most criminal defendants, to some extent, present elements evocative of compassion and pity. To be sure, the trial judge considered and responded fully to such considerations when he imposed the minimum sentence of imprisonment mandated by law.

Inarguably, sentencing is the function of the trial court, and a reviewing court should not substitute its judgment absent an abuse of the trial court's discretion. (*People v. Cox* (1980), 82 Ill. 2d 268.) A sentence within statutory limits should not be reduced merely because the reviewing court would have balanced the appropriate factors differently and imposed a different penalty. *People v. Perruquet* (1977), 68 Ill. 2d 149.

As per the rule of law established by our supreme court in *Cox*, this reviewing court has no authority to mandate a sentence of probation in a case where the trial judge has imposed the minimum penitentiary sentence. Neither should this court attempt to engage in judicial arm twisting in an effort to impose that result on the trial court. What we have here is a not too subtle evasion, both of a rule of law of our own supreme court and of the principle of *stare decisis*. In so acting, this appellate court, by its majority decision, arrogates to itself sentencing powers which reside only in the trial court and which have been specifically denied to the appellate court. Beyond that, it places the trial court in the untenable position of being pressured to reduce a minimum penitentiary sentence to a sentence of probation, and in so doing to follow a decision of this appellate court in derogation of judicial precedent and of a rule of law of our own supreme court. Accordingly, I dissent.