THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUIS SEGOVIA, Defendant-Appellant.

Third District   No. 3—88—0446

Opinion filed April 26, 1989.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Luis Segovia, pleaded guilty to one count of felony retail theft (Ill. Rev. Stat. 1987, ch. 38, pars. 16A—3, 16A—10(3)) and one count of misdemeanor retail theft (Ill. Rev. Stat. 1987, ch. 38, pars. 16A—3, 16A—10(1)). On December 22, 1987, the defendant was sentenced to concurrent terms of four years' imprisonment on the felony retail theft conviction and one year of imprisonment on the mis-

demeanor retail theft conviction.

The defendant appealed the length of his sentence without filing a motion to withdraw his guilty plea as required by Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)). This court remanded the case on April 14, 1988, to the trial court to allow the defendant to file a motion to withdraw his guilty plea.

Upon remand, the defendant filed his motion to vacate the guilty plea, alleging among other matters that the plea was not knowingly and voluntarily entered and that the sentence was excessive. The defendant also filed a motion for a new trial. Following a hearing, the trial court denied both of the defendant's motions.

On appeal the defendant's sole complaint concerns the severity of the sentence imposed. The State has filed a motion to dismiss the appeal, contending that the recent Illinois Supreme Court case of *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, requires dismissal because the defendant did not comply with the supreme court rules governing motions to withdraw guilty pleas. We took the State's motion with the case and now address it.

After we remanded the instant case to allow the defendant to file his motion to vacate his guilty plea, the Illinois Supreme Court decided *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218. In *Wilk*, the supreme court declared that Rule 604(d)'s (107 Ill. 2d R. 604(d)) requirement that the defendant file a motion to vacate his guilty plea before filing a notice of appeal is mandatory. The *Wilk* court noted that the defendants in the four cases consolidated on appeal were all properly admonished by the trial court pursuant to Rule 605(b) (107 Ill. 2d R. 605(b)). The court further noted that an attorney who hears the Rule 605(b) admonishments of the trial court and fails to adhere to Rule 604(d) by moving to withdraw the plea prior to filing a notice of appeal has fallen short of providing competent representation. The court concluded that the appropriate remedy for a defendant whose counsel is properly admonished and yet does not comply with Rule 604(d) lies in the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). However, the court recognized an exception to the rule by finding that a defendant appealing only his sentence after pleading guilty is not required to move to withdraw his guilty plea if he filed a motion to reconsider in the trial court.

In the instant case, the record reveals that following the pronouncement of the defendant's sentence defense counsel informed the trial judge that the defendant wanted to appeal only the severity of his sentence. The trial judge then had a discussion with the prosecutor regarding what was necessary to perfect such an appeal. The

prosecutor responded that Rule 604(d)'s procedure "doesn't make a lot of sense." The trial judge then directed the clerk to file a notice of appeal on behalf of the defendant showing that the defendant requested only an appeal of the severity of his sentence, not of his guilty plea.

◾ The defendant in the instant case, unlike the defendants in *Wilk*, was not adequately admonished in accordance with Supreme Court Rule 605(b). This left the defendant believing that he could appeal his sentence without first filing a motion to withdraw. Furthermore, since defense counsel did not hear the proper admonishment required by Rule 605(b), the defendant probably would not succeed on an ineffective assistance of counsel claim under the Post-Conviction Hearing Act. (See *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.) Additionally, we note that the defendant notified the trial court of his desire to appeal, thereby giving it a chance to correct any errors it might have made in considering the defendant's sentence. Accordingly, this court will consider the merits of the defendant's appeal.

◾ The defendant contends that the four-year sentence he received for his conviction of felony retail theft was excessive. He asks this court to reduce his sentence to the minimum term of two years.

We note that the sentence imposed by the court was within the permissible range of two to five years for the offense. (Ill. Rev. Stat. 1987, ch. 38, pars. 16A—10(3), 1005—8—1(a)(6).) It is axiomatic that sentencing is a matter within the trial court's sound discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) It is also well established that the trial court can consider as an aggravating factor the defendant's criminal history. *People v. Tompkins* (1987), 155 Ill. App. 3d 380, 508 N.E.2d 481.

◾ According to the presentence report, the instant defendant had five prior convictions for petty theft and one for attempted burglary of an automobile. In view of the defendant's criminal history, we find that the sentence was not an abuse of discretion.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.