THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDDIE JACKSON, Defendant-Appellant.

Third District   No. 3—89—0696

Opinion filed October 3, 1990.

James E. Swanson, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The trial court found the defendant, Eddie Jackson, guilty of speeding (Ill. Rev. Stat. 1989, ch. 95½, par. 11—601(b)), and ordered him to pay a fine of $300 plus costs. He appeals.

The record reveals that on June 13, 1989, the defendant was stopped by Peoria police officer Phillip Fisher and issued a speeding citation. Officer Fisher testified that his hand-held radar indicated the defendant's vehicle was traveling 47 miles per hour. The posted speed limit for that area was 35 miles per hour. The defendant testified that he could not have been speeding because he had reduced his speed after his radar detector sounded about four to six blocks from where Officer Fisher was located.

The trial court subsequently found the defendant guilty of speeding. In sentencing him, the court considered as an aggravating factor the defendant's use of a radar detector. It found that the only purpose of a radar detector was to aid a person in violating the law without being detected by the police. It then imposed a $300 fine plus costs.

The defendant filed a motion to reconsider, which the trial court denied. The court again noted the defendant's use of a radar detector and also stated that given the defendant's attitude such a fine was necessary to deter him from speeding in the future.

The defendant appeals, arguing that the trial court erred in considering the use of a radar detector as an aggravating factor. The State argues that this issue is waived since the defendant failed to object at the sentencing hearing and failed to raise it in his motion to reconsider. We choose to consider the issue as plain error under Supreme Court Rule 615(a) (107 Ill. 2d R. 615(a)).

■■ Initially, we note that a trial judge's decision with regard to sentencing must be accorded great deference and weight. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) At the same time, while a sentencing court is not bound by the usual rules of evidence, the factors it considers in aggravation and mitigation must be reasonable. *People v. Crews* (1967), 38 Ill. 2d 331, 231 N.E.2d 451.

The instant case raises an issue of first impression, *i.e.*, whether a legal activity can be used to enhance a sentence. We find that it cannot.

■■ The purchase and use of a radar detector is legal in Illinois. Although, as noted by the trial court, the purpose of a radar detector is to warn a motorist of nearby police radar, the legislature has not determined that such use is illegal. Therefore, it cannot be a factor in enhancing a defendant's sentence.

■■ We further find that the trial court appeared to give this factor considerable weight. We must therefore vacate the sentence and remand the cause for a new sentencing hearing. *People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.

Given our resolution of this issue, it is unnecessary for us to consider the defendant's second issue at this time.

The judgment of the circuit court of Peoria County finding the defendant guilty of speeding is affirmed. The defendant's sentence is vacated and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; vacated in part and remanded.

HEIPLE, P.J., and BARRY, J., concur.