THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALDINE COLTER, Defendant-Appellant.

Third District   No. 3—91—0051

Opinion filed November 10, 1992.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

A Henry County jury found defendant, Geraldine Colter, guilty of two counts of felony theft (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a)(1)). Following a hearing, defendant was sentenced to two concurrent terms of two years' imprisonment. She appealed the sentence, and we reversed and remanded for resentencing. Defendant received the same sentence on remand. She appeals, and we again reverse.

A summary of the evidence presented at trial and at the first sentencing hearing can be found in our opinion issued in the first appeal. (*People v. Colter* (1989), 181 Ill. App. 3d 392, 536 N.E.2d 1372.) The judge at the first sentencing hearing relied on two factors in aggravation and two factors in mitigation in imposing sentence. In our prior opinion we found that the sentencing court failed to give adequate consideration to certain mitigating factors. In particular, we held that eight of the statutory factors set out in section 5—5—3.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1) applied in this case and should have been considered in favor of mitigation.

The case was reassigned to a different judge on remand. He found that five of the eight factors set out in this court's prior opinion weighed in favor of mitigation. However, he "respectfully disagreed"

with this court concerning three of the factors which he found did not apply in this case.

■ We find that the judge at the second sentencing hearing failed to follow the mandate of this court. An appellate court's determination on an issue is binding on both the trial court on remand and the appellate court on subsequent appeal (*People v. Lyles* (1990), 208 Ill. App. 3d 370, 567 N.E.2d 396), and upon remand the trial court must proceed in accordance with the appellate court's decision (*People v. Lynch* (1987), 151 Ill. App. 3d 987, 503 N.E.2d 857).

In our prior opinion, we specifically held that eight mitigating factors were present in this case. At three points during the second sentencing hearing, the judge stated on the record that he disagreed with this court's findings and decided that only five mitigating factors applied. While it is clear that the balancing of aggravating and mitigating factors should be left to the trial judge (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541), it is equally clear that when this court directs the lower court to consider a particular factor as weighing in favor of mitigation on remand, the lower court cannot simply disagree and ignore that mandate. This court has held that when a sentence is vacated and remanded because of reliance on an improper aggravating factor, the judge at the second sentencing hearing should "consider the matter anew without relying on any factors which were pointed out to be improper." (*People v. Morton* (1981), 102 Ill. App. 3d 280, 282, 430 N.E.2d 383, 384; see also *People v. Tompkins* (1989), 179 Ill. App. 3d 887, 534 N.E.2d 1075.) Reliance on the improper aggravating factor on remand would again require reversal. We see no reason why the same rule should not apply to factors in mitigation. When this case was remanded for resentencing, the judge should have considered the matter anew, relying on those factors which this court had previously found to weigh in favor of mitigation. This he failed to do.

■ Parenthetically, we reject defendant's contention that the sentencing judge ignored the mandate of this court by imposing the same sentence on remand. When a sentence is vacated on appeal and the cause remanded for a new sentencing hearing, the trial court should not construe the action of the reviewing court as a mandate to impose a lesser sentence. (*People v. Giller* (1989), 191 Ill. App. 3d 710, 548 N.E.2d 341.) Our prior opinion simply instructed the trial court to resentence the defendant taking into consideration certain factors which this court found to weigh in favor of mitigation. It is well settled that a sentence within statutory limits should not be disturbed merely because the reviewing court would have balanced the appropriate fac-

tors differently and imposed a different penalty. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We reverse only because the sentencing judge failed to follow this court's determination of the appropriate mitigating factors to apply in this case.

For the reasons stated above, the sentence of the circuit court of Henry County is vacated and this cause is remanded for resentencing.

Reversed and remanded.

McCUSKEY and HAASE, JJ., concur.