THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DESI A. WARREN, Defendant-Appellant.

Fourth District   No. 4—92—0366

Opinion filed December 17, 1992.

Daniel D. Yuhas and Susan E. Alesia, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On June 10, 1991, defendant Desi A. Warren entered a plea of guilty to unlawful delivery of a controlled substance (more than 15 grams of a substance containing cocaine) (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)). A second charge, identical to the first except it charged the offense of unlawful possession with intent to deliver, was dismissed. He was subsequently sentenced to a term of 15 years' imprisonment and a $2,000 fine.

Defendant maintains on appeal (1) the trial court erred in considering evidence that he did not use drugs or alcohol as an aggravating factor in sentencing; (2) the trial court improperly considered uncorroborated and unreliable testimony regarding his drug-dealing activities; and (3) the trial court failed to adequately consider the mitigating factors including his minimal criminal record, his age, and the excessive hardship his sentence placed upon his family. We affirm.

As a factual basis for defendant's guilty plea, the prosecutor stated: (1) a woman named Toni Leonard approached the police with information about a Champaign drug ring; (2) Leonard offered to participate in a planned drug buy; (3) following police instructions, Leonard called defendant and asked to purchase cocaine; (4) defendant agreed to meet Leonard in a restaurant parking lot and

sell her the drugs; (5) police provided Leonard with the money to purchase the drugs, and she met with defendant on January 18, 1991; (6) after the transaction, police arrested defendant and two companions; and (7) laboratory tests indicated that 27.7 grams of cocaine were involved in the transaction.

Defendant failed to appear at the sentencing hearing and was sentenced *in absentia*. The State presented Leonard as a witness. She testified as follows: (1) she sold cocaine for defendant and another man for six weeks; (2) defendant employed five or six people to sell drugs, including Leonard's sister and a juvenile; (3) she accompanied defendant on a trip to Chicago to purchase a large amount of cocaine; and (4) defendant possessed large amounts of cash. Defense counsel's objection to Leonard's testimony detailing the extent of defendant's drug dealing and the other people involved in selling the drugs was overruled.

On cross-examination, Leonard admitted she used and sold drugs, but she had never been charged with a crime and did not expect to be charged with any crime. She said she was unemployed, on welfare, and received $2,000 to $2,500 from the Interagency Task Force (ITF), a law enforcement agency, in exchange for her testimony against defendant. On redirect examination, Leonard testified she made the first contact with ITF. On re-cross-examination, she said she did not contact ITF out of the goodness of her heart.

Champaign County deputy sheriff Scott Swan also testified at sentencing. He said he executed a search warrant at defendant's home and found a weapon and $4,929 in cash.

On August 21, 1991, defendant filed a motion to reconsider the sentence and vacate the bond forfeiture. Based on an agreement between the defense and the State, the court vacated the bond forfeiture. After a hearing, the court denied the motion to reconsider the sentence.

Defendant argues first that the trial court abused its discretion in considering evidence that he did not use drugs or alcohol as an aggravating factor in sentencing. Defendant's presentence report indicated that he had "never consumed a drink of alcohol or tried any illegal drugs." At sentencing, the prosecutor argued essentially that defendant is more culpable because he is a nonuser of drugs and alcohol. The court agreed that the fact defendant is not an addict, but was selling drugs in large quantities to users, is an aggravating factor to be considered. The court noted that defendant was on probation for a Class 1 controlled substance offense at the time he was arrested in the case at bar. The court also noted the State's

recommendation of 15 years' imprisonment was in the midrange for a Class X felony (see Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)) and was "not inappropriate" under the circumstances. The court expressed surprise that the recommendation was not higher.

Drug and alcohol abuse have been found, under various circumstances, to be factors in both aggravation and mitigation. In *People v. Downey* (1987), 162 Ill. App. 3d 322, 338, 515 N.E.2d 362, 372, where the defendant had been convicted of armed robbery, the court noted drug addiction or alcoholism, in the light of the particular facts of the case, "may be mitigating factors to be considered in sentencing." In *People v. Center* (1990), 198 Ill. App. 3d 1025, 1034, 556 N.E.2d 724, 729-30, the court indicated defendant's nonuse of drugs or alcohol was a mitigating factor which the trial court had overlooked in determining whether the court's sentence for burglary was excessive.

In *People v. Smith* (1991), 214 Ill. App. 3d 327, 574 N.E.2d 784, the court determined that the defendant's alcohol and drug addiction did not fall within the mitigating circumstance that "there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.1(a)(4).) Rather, the court found defendant's drug addiction could be considered an aggravating factor, because it was evidence of prior criminal activity and tended to refute other mitigating factors.

Defendant cites *People v. Jackson* (1990), 203 Ill. App. 3d 1097, 561 N.E.2d 1279, where the court held that a legal activity could not be used to enhance a sentence. There, the defendant was convicted of speeding although he protested at trial he could not have been speeding. He said his radar detector alerted him to the location of the officer, and he had then reduced his speed. In sentencing the defendant, the court considered defendant's use of a radar detector to aid a person in violating the law without being detected by the police as an aggravating factor. On appeal, the court noted the use and purchase of a radar detector in Illinois is legal, and therefore, it could not be used to enhance defendant's sentence.

■■ Although the question of whether defendant's nonuse of alcohol and illegal drugs can be considered as factors in aggravation does not appear to have been raised before in Illinois, we hold it is permissible for the court to do so under the circumstances. Defendant's nonuse here is not evidence that he is a law-abiding citizen who made a mistake. He, as the State notes, has made a calculated effort to earn his living by trafficking in human misery, and he does

not even have the excuse of supporting his own addiction. His non-use shows he is a more calculating individual who is deliberately taking advantage of others' addiction for his financial gain. We recognize the third district's decision in *Jackson* that a legal activity cannot be used to enhance a sentence, but we do not give it broad application. We conclude it is not analogous here. Illegal conduct is not all that can be considered in aggravation. For instance, under some circumstances lack of remorse by a defendant can be so considered. (*People v. Ward* (1986), 113 Ill. 2d 516, 499 N.E.2d 422; *People v. McDade* (1991), 219 Ill. App. 3d 317, 579 N.E.2d 1173.) Lack of remorse is not illegal conduct any more than was defendant's nonuse of drugs here. The trial court did not err in considering defendant's nonuse of alcohol or illegal drugs as an enhancing factor in sentencing.

■ Defendant next argues the trial court erred in considering the uncorroborated testimony of a former drug user and dealer at sentencing. Toni Leonard testified at the sentencing hearing of defendant's drug-dealing activities; his use of others, including a juvenile, to sell the drugs; and a trip she took with him to purchase a large quantity of cocaine. Defendant notes that Leonard indicated she had sold drugs but did not expect to be charged with any crime. He argues this testimony that she would not be prosecuted gave her a strong motive to testify falsely.

The prosecutor, in his sentencing argument, repeated Leonard's testimony that defendant had used a juvenile and numerous others to sell cocaine on a large scale. Defendant contends Leonard's uncorroborated testimony should not have been considered as an aggravating factor, citing *People v. La Pointe* (1981), 88 Ill. 2d 482, 498-99, 431 N.E.2d 344, 351. Defendant maintains the trial court has a duty to determine whether the information given at a sentencing hearing is accurate and reliable before using such evidence in aggravation. However, the *La Pointe* court pointed out that there, sentencing evidence was properly received from a witness who, under the evidence, appeared to have been solicited by the defendant to commit a crime and had been subject to the rigors of cross-examination which greatly promoted the likelihood of the accuracy of that testimony. See also *People v. Tompkins* (1987), 155 Ill. App. 3d 380, 382, 508 N.E.2d 481, 483.

Here, Leonard's credibility was impeached by her bias (incentive to help the State) and her admitted prior criminal conduct, but she was under cross-examination and her testimony at sentencing was not uncorroborated. Deputy Swan testified that in his search of

defendant's house, he found a large amount of cash, as Toni Leonard had indicated, and the defendant's guilty plea gave credence to the strength of Leonard's testimony against him. Moreover, much of Leonard's sentencing testimony was free of the unreliable hearsay problems involved in *People v. Crews* (1967), 38 Ill. 2d 331, 231 N.E.2d 451, and *People v. Washington* (1984), 127 Ill. App. 3d 365, 468 N.E.2d 1285, also cited by the defense.

■ Finally, defendant contends the trial court failed to adequately consider the mitigating factors of his age, minimal criminal record, and the excessive hardship that a sentence of imprisonment would place upon his family. He notes he was only 22 years old when he committed the present offense; had no juvenile record; both his adult convictions were for nonviolent drug offenses; and he has five children, three of whom rely upon his income for support.

Defendant was convicted of a Class X felony. He was also found to be eligible for an extended-term sentence of up to 60 years' imprisonment because of his previous conviction for possession of a controlled substance. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(a)(2).) His sentence of 15 years' imprisonment was within the statutory limits. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(3).) In addition, although the court did not expressly indicate its consideration of all mitigating factors and the weight assigned to each, the information on mitigating factors was included in the presentence report. The court indicated it had considered the report. Absent contrary evidence, we presume the trial court considered the mitigating factors. *People v. Kyse* (1991), 220 Ill. App. 3d 971, 975, 581 N.E.2d 285, 288.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

STEIGMANN, P.J., and LUND, J., concur.